1  Matthew Van Fleet, Esq. (Bar No. 227338)
   VAN FLEET LAW, APLC
2  9160 Irvine Center Drive, Suite 200
   Irvine, California 92618
3  T: (949) 769-3610 | F: (877) 769-3611
   matthew@vanfleetesq.com
4
5  Attorney for Plaintiff Mario Castillo

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **LOS ANGELES DIVISION**

11

12  In re:                              Case No. 2:10-bk-25641-vz

13  EDDIE G. ACUNA, JR and RACHEL O.     Adv. No. 2:10-ap-02257-vz
    ACUNA,
14                                       Chapter 7 Proceeding

15              Debtors.                 PLAINTIFF'S NOTICE OF MOTION AND
                                         MOTION FOR SUMMARY JUDGMENT
16  MARIO CASTILLO
                Plaintiff,              Date:  May 12, 2011
17                                      Time:  11:00 am
    VS.                                 Dept:  Courtroom 1368
18
19  EDDIE G. ACUNA, JR and RACHEL O.
    ACUNA
20
                Defendants.
21

22          NOTICE IS HEREBY GIVEN that on May 12, 2011 , at 11:00 am, or as soon thereafter

23  as counsel may be heard by the above-entitled Court, located at Edward R. Roybal Federal

24  Building and Courthouse, 255 E. Temple Street, Courtroom 1368, Los Angeles, California,

25  Plaintiff Castillo ("Plaintiff") will and hereby does move the Court for summary judgment on the

26  ground that there is no genuine issue as to any material fact and that the moving party is entitled

27  to judgment as a matter of law for the following reasons:

28

1       Los Angeles Superior Court matter, KC046034, was filed on April 18, 2005.

2

3       In Los Angeles Superior Court matter KC046034, the Court issued a Memorandum of

4    Decision and a judgment was entered thereon.

5

6       In Los Angeles Superior Court matter KC046034, the Court decided the issue of whether

7    Defendant  Rachel O. Acuna ("Defendant") committed fraud by a preponderance of the

8    evidence.

9

10      Defendant was a party to the Los Angeles Superior Court matter and actively contested

11   the fraud allegations against her.

12

13      A final judgment with respect to the issue of whether Defendant committed fraud was

14   entered in Los Angeles Superior Court matter KC046034.

15

16      Pursuant to 28 USC § 1738 state court judgments are entitled to "full faith and credit" in

17   federal court.

18

19      Under collateral estoppel principles, Defendant is precluded from re-litigating assertions

20   that she committed fraud by a preponderance of the evidence alleged in the instant action, as this

21   issue was fully litigated in Los Angeles Superior Court matter KC046034.

22

23      With this Court affording full faith and credit to the Los Angeles County Superior Courts

24   decision, the only remaining determination before this Court is of a legal nature; whether the

25   debt owed by Defendant to Plaintiff Mario Castillo, as listed in the joint Bankruptcy schedules

26   filed by Eddie G. Acuna and Defendant, is non-dischargeable.

27

28      In light of the Superior Court's judgment that Defendant committed fraud by a

VAN FLEET LAW, APLC
9160 Irvine Ctr Drive
Suite 200
Irvine, CA 92618

-2-

Notice of Motion for Summary Judgment

1   preponderance of the evidence, Plaintiff respectfully requests this Court find Defendant's debt

2   owed to Plaintiff, as listed in the and joint Bankruptcy schedules filed by Eddie G. Acuna and

3   herself, is non-dischargeable.

4

5          This motion is based upon this Notice of Motion and Motion, the accompanying

6   Memorandum of Points and Authorities, the Declarations of Matthew Van Fleet, all pleadings

7   and papers on file in this action, and upon such others matters as may be presented to the Court

8   at the time of the hearing.

9

10  Dated:  March 28, 2011                    VAN FLEET LAW, APLC

11

12                                            By: _____

13                                            Matthew Van Fleet, Esq.
                                              Attorneys for Plaintiff
14                                            Mario Castillo

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VAN FLEET LAW, APLC
9160 Irvine Ctr Drive
Suite 200
Irvine, CA 92618

Notice of Motion for Summary Judgment

1  Matthew Van Fleet, Esq. (Bar No. 227338)
   VAN FLEET LAW, APLC
2  9160 Irvine Center Drive, Suite 200
   Irvine, California 92618
3  T: (949) 769-3610 | F: (877) 769-3611
   matthew@vanfleetesq.com
4
5  Attorney for Plaintiff Mario Castillo
6
7
8              **UNITED STATES BANKRUPTCY COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10             **LOS ANGELES DIVISION**
11

| | |
|---|---|
| 12  In re: | Case No. 2:10-bk-25641-vz |
| 13  EDDIE G. ACUNA, JR and RACHEL O. ACUNA, | Adv. No. 2:10-ap-02257-vz |
| 14 | Chapter 7 Proceeding |
| 15              Debtors. | REQUEST FOR JUDICIAL NOTICE; DECLARATION OF MATTHEW VAN FLEET IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; EXHIBITS 1-5. |
| 16  MARIO CASTILLO | |
|                  Plaintiff, | |
| 17 | |
|    VS. | |
| 18 | |
| 19  EDDIE G. ACUNA, JR and RACHEL O. ACUNA, | |
| 20 | |
|                  Defendants. | |
| 21 | |

22         Plaintiff MARIO CASTILLO ("Plaintiff") hereby requests that the Court take judicial

23  notice pursuant to the Federal Rule of Evidence 201 of the below listed documents, which are

24  attached hereto as Exhibits 1-5:

25         1.      Third Amended Complaint filed in Los Angeles Superior Court matter

26  KC046034.

27         2.      Memorandum of Decision filed in Los Angeles Superior Court matter KC046034.

28         3.      Judgment filed in Los Angeles Superior Court matter KC046034.

1          4.     Case Summary for Los Angeles Superior Court matter KC046034.

2          5.     Complaint filed in the present matter.

3          Exhibit 1 - 4 are documents filed in Los Angeles, Superior Court matter KC046034, in

4    which Plaintiff filed suit against Defendant Rachel O. Acuna ("Defendant"). Specifically the

5    documents are a Superior Court complaint, the subsequent Memorandum of Decision issued

6    thereon, a Judgment issued thereon, and a Case Summary of the Superior Court matter. Exhibit

7    5 is a copy of the complaint filed in this matter.

8          The Superior Court complaint and the complaint filed in the present matter are judicially

9    noticeable for the fact that they were filed and for their content but not for the truth of the

10   allegations made therein. *See In re Sterling Foster & Co. Inc. Securities Litigation*, 222 F. Supp.

11   2d 216, 253-54 (E.D. N.Y. 2002) (Statement of claim in arbitration is judicially noticeable as

12   public record not for the truth of the claims made but "to establish the fact of the filing and fact

13   that the allegations contained in the Statement of Claim were made").

14         Further, the Superior Court complaint, Memorandum of Decision, Judgment, and Case

15   Summary are judicially noticeable for the fact that they are related the proceeding of another

16   court which has direct relation to the present matter. *See Bennett v. Medtronic, Inc.*, 285 F3d

17   801, 803, fn. 2 (9th Cir. 2002)(Ruling Federal Court may take notice of proceedings of other

18   courts, both within and without the federal judicial system, if those proceedings have a direct

19   relation to matters at issue.)

20         Based upon the above documents Plaintiff requests the court take judicial notice pursuant

21   to Federal Rule of Evidence 201 of the following facts:

22         1.     Plaintiff filed a complaint in Los Angeles Superior Court alleging Defendant had

23   committed fraud which damaged Plaintiff, as evidenced in the Third Amended Complaint

24   attached as Exhibit 1, ¶¶ 37-55.

25         2.     Plaintiff claimed fraud against Defendant for allegedly forging Plaintiff's

26   signature on documents in a conspiracy to dispossess Plaintiff of his real property and equity, as

27   evidenced in the Third Amended Complaint attached at Exhibit 1, ¶¶ 37-52.

28

VAN FLEET LAW, APLC
9160 Irvine Ctr Drive
Suite 200
Irvine, CA 92618

-2-

1    3.    A contested trial between Castillo and Acuna regarding the fraud claim was tried

2    before the Hon. R. Bruce Minto in Los Angeles Superior Court, as evidenced in the

3    Memorandum of Decision attached at Exhibit 2, P.1; ll.11-14.

4    4.    The "critical disputed question of fact tried to" the Superior Court was whether

5    Defendant "actually forged" documents, thereby damaging Plaintiff, as evidenced in the

6    Memorandum of Decision attached at Exhibit 2, P.2;ll.15-16.

7    4.    After trial and deliberation Judge Minto found by a preponderance of the evidence

8    Defendant had forged the documents in question and by a preponderance of the evidence found

9    Defendant was liable for fraud as alleged in Castillo's complaint, as evidenced in the

10    Memorandum of Decision attached at Exhibit 2, P.7-8;ll.10-2.

11    6.    The Superior Court found Defendant and her co-defendants jointly and severally

12    liable for damages in the amount of $273,952.02, as evidenced in the Memorandum of Decision

13    attached at Exhibit 2, P.11; ll.6-9.

14    7.    The Superior Court entered judgment against Defendant in the amount of

15    $273,953.02 on December 10, 2008, as evidenced in the Judgment attached at Exhibit 3.

16    8.    Defendant did not dispute or appeal the Superior Court's decision, as evidenced

17    by the Case Summary attached at Exhibit 4.

18    9.    Plaintiff's allegations in the this matter are identical to his allegations in the

19    present matter, as evidenced when comparing the Superior Court complaint (attached at Exhibit

20    1) with the Complaint filed in this matter (attached at Exhibit 5, P.3;ll.2-15).

21    Dated: March 28, 2011                    VAN FLEET LAW, APLC

22

23                                            By: _____

24                                            Matthew Van Fleet, Esq.
                                              Attorneys for Plaintiff
25                                            Mario Castillo

26

27

28

1          DECLARATION OF MATTHEW VAN FLEET

2    I, Matthew Van Fleet, declare as follows:

3

4        1.      I am an attorney at law, duly admitted to practice before this court, and am

5    attorney of record for plaintiff Mario Castillo, in the above matter.

6        2.      I have personal knowledge of all matters stated herein and, if called as witness, I

7    could competently testify thereto, except as to those matters stated upon information and belief,

8    and as to those matters, I believe them to be true.

9        3.      A true and correct copy of the third amended complaint filed in Los Angeles

10   Superior Court matter, KC046034 is attached hereto as Exhibit 1.

11       4.      A true and correct copy a Memorandum of Decision executed by Judge Minto and

12   filed in Los Angeles Superior Court matter, KC046034 is attached hereto as Exhibit 2.

13       5.      A true and correct copy of the Judgment executed by Judge Minto and filed in

14   Los Angeles Superior Court matter, KC046034 is attached hereto as Exhibit 3.

15       6.      A true and correct copy of the Case Summary for matter # KC046034 as found on

16   the Los Angeles Superior Court website,

17   http://www.lasuperiorcourt.org/civilcasesummary/index.asp, attached hereto as Exhibit 4.

18       7.      A true and correct copy of the operative complaint filed in the present matter

19   attached hereto as Exhibit 5.

20   I declare under penalty of perjury the foregoing is true and correct.  Executed within the United

21   States on, March 28, 2011.

22                                          VAN FLEET LAW, APLC

23

24

25                                  By: ~Matthew Van Fleet~

26                                          Matthew Van Fleet, Esq.
                                            Attorneys for Plaintiff
27                                          Mario Castillo

28

                                            -4-

# EXHIBIT 1

1   Matthew Van Fleet, Esq. (Bar No. 227338)
    LAW OFFICES OF MATTHEW VAN FLEET
2   660 Newport Center Dr., 4th Floor
    Newport Beach, California 92660
3   T: (949) 720-4149 | F: (949) 266-8279
    matthew@vanfleetesq.com
4
    Attorneys for Plaintiff Mario Castillo
5

6

7

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 08 2007

JOHN A. CLARKE, CLERK

BY B. AZPEITIA, DEPUTY

8                   SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES — POMONA

10

| | |
|---|---|
| 11  Mario Castillo, an individual<br>              Plaintiff, | Case No. KC046034 |
| 12  vs.<br>RODRIGO ERNESTO BUSTAMANTE, an | Assigned For All Purposes To<br>Hon. R. Bruce Minto<br>Dept. H |
| 13  individual, GREGORIA BUSTAMANTE,<br>an individual, RENEE C. AVOLA, an | |
| 14  individual, WESTERN SURETY<br>COMPANY, a South Dakota Company, | 3rd AMENDED COMPLAINT FOR<br>DAMAGES: FRAUD, NEGLIGENT |
| 15  LIMIT PROPERTIES, L.L.C., a California<br>Limited Liability Company, GLOBAL | MISREPRESENTATION, INTENTIONAL<br>INTERFERENCE WITH ECONOMIC<br>RELATIONSHIP, NEGLIGENT |
| 16  REAL ESTATE LOANS.COM, a California<br>Corporation; HACIENDA ESCROW | INTERFERENCE WITH ECONOMIC<br>RELATIONSHIP, NEGLIGENCE, FALSE |
| 17  COMPANY, a California Corporation; | CERTIFICATE OF ACKNOWLEDGMENT,<br>TO CANCEL DEED AND QUIET TITLE |
| 18  RACHEL ACUNA, an individual and<br>DOES 5 through 50, inclusive, | AND SLANDER OF TITLE, and ALTER EGO |
| 19              Defendants. | Date  :   June 11, 2007 |
| 20  Limit Properties, LLC, a California Limited | Time  :   8:30 a.m.<br>Dept.  :   H |
| 21  Liability Company, | Complaint Filed: April 18, 2005 |
| 22              Cross-Complainant,<br>vs. | Trial Date: June 11, 2007 |
| 23  Mario Castillo, Rodrigo Ernesto | |
| 24  Bustamante, Gregoria Bustamante, Global<br>Real Estate Loans.Com, and Roes 1-50, | |
| 25  Inclusive, | |
| 26              Cross-Defendants. | |
| 27  | |
| 28              Plaintiff alleges as follows: | |

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr.
4th Floor
Newport Beach, CA 92660

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

## INTRODUCTORY ALLEGATIONS

1. Defendant, Rodrigo Ernesto Bustamante ("Rodrigo"), is an individual and is now, and at all times mentioned in this complaint, was a resident of Los Angeles County, California.

2. Rodrigo was a duly commissioned, qualified, and acting notary public for the State of California. His commission expired on November 26, 2003.

3. The California Department of Real Estate licensed Rodrigo as a real estate salesperson on a restricted basis. His license expired on April 4, 2004.

4. Defendant, Gregoria Bustamante ("Gregoria"), is an individual, who, at all times mentioned in this complaint, was a resident of Los Angeles County, California.

5. Defendant, Renee C. Avola ("Avola"), is an individual, and is now, and at all times mentioned in this complaint, was a resident of Los Angeles County, California.

6. At all times herein mentioned, Avola was and is a duly commissioned, qualified, and acting notary public for the State of California.

7. At all time herein mentioned, Avola was and is real estate salesperson licensed by the California Department of Real Estate.

8. Defendant Western Surety Company ("Western") is, and at all times herein mentioned was, an insurance corporation, organized and existing under the laws of South Dakota, and doing business in Los Angeles County.

9. On or about April 29, 2003, Western executed its official bond as surety for and on behalf of Avola as notary public in the sum $15,000, in accordance with the requirements of Government Code Section 8212. Western issued the bond to assure the faithful performance of the official duties of Avola as notary public. On May 20, 2003, the bond was recorded with the County Clerk of Sacramento County. At all times herein mentioned, the bond is in full force and effect.

10. Defendant, Rachel Acuna ("Acuna") is an individual, who, at all times mentioned in this complaint, was a resident of Los Angeles County, California.

11. Acuna is a licensed real estate salesperson by the California Department of Real Estate.

-2-

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1     12. Defendant, Global Real Estate Loans.com ("Global"), is a California real estate

2     brokerage company with its principal place of business in Los Angeles County, California.

3     13. At all times mentioned Rodrigo was an agent and/or otherwise affiliated with Global.

4     14. At all times mentioned Avola was an agent and/or otherwise affiliated with Global.

5     15. At all times mentioned Acuna was, and still is, an agent, owner and principal of Global.

6     16. Defendant, Limit Properties, L.L.C. ("Limit"), is a California Limited Liability Company

7     with its principal place of business in Los Angeles County, California.

8     17. Defendant, Hacienda Escrow Company ("Hacienda") is a California Corporation with its

9     principal place of business in Los Angeles County, California.

10     18. The true names and capacities, whether individual, corporate, associate or otherwise, of

11     defendants DOES 5 through 50, inclusive is unknown to plaintiff at this time. Plaintiff sues

12     those defendants by such fictitious names pursuant to California Code of Civil Procedure

13     section 474 and will amend this complaint to show their true names and capacities when they

14     have been ascertained. Plaintiff is informed and believes, and based on that information and

15     belief alleges, that each of the defendants designated as a DOE is negligently or otherwise

16     legally responsible for the events and happenings referred to in this complaint, and

17     negligently or otherwise unlawfully caused the injuries and damages to plaintiff alleged in

18     this complaint. At all times mentioned in this complaint, each of the defendants were the

19     agents and employees of the other defendants, and in doing the things alleged in this

20     complaint, defendants were acting within the course and scope of their agency and

21     employment.

22     19. Rodrigo represented to Castillo that a four-unit property located at 627 North Cedarglen

23     Drive, Azusa California 91702 ("subject property") was available for sale.

24     20. Plaintiff Castillo executed a residential sales agreement provided by defendant Rodrigo

25     and purchased the subject property for $303,500 in July of 2002.

26     21. Rodrigo and/or Acuna did not submit the residential sales agreement executed by plaintiff

27     Castillo for the 2002 transfer. Rather, a residential sales agreement signed by Acuna, with

28     plaintiff Castillo's forged signature, was submitted.

-3-

LAW OFFICES OF
MATTHEW VAN FLEET
650 Newport Center Dr.
4th Floor
Newport Beach, CA 92660

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    22. On or around October 15, 2003, a deed, forged by defendant Acuna, was recorded

2    thereby transferring subject property to defendant Gregoria. Rodrigo notarized the forged

3    deed. Castillo was not aware of this transaction.

4    23. Castillo was also not aware that Gregoria, posing as the lawful owner of the subject

5    property, entered into an agreement to sell the property to Limit in February of 2004.

6    24. In March of 2004, defendant Rodrigo approached plaintiff Castillo and told him someone

7    may be interested in purchasing the subject property. Plaintiff Castillo was not interested in

8    selling the property.

9    25. In March of 2004, a deed, purportedly signed by Gregoria on October 16, 2003, was

10    recorded which transferred title to the subject property from Gregoria to Castillo. Rodrigo

11    notarized the deed. Castillo was not aware of this transaction.

12    26. The March 2, 2004 transfer from Gregoria to Castillo occurred on the same day Old

13    Republic Title, for the purpose of Limit's acquisition of the subject property, issued a

14    preliminary title report, which reflected Castillo's interest in the subject property.

15    27. In June of 2004, unbeknownst to plaintiff Castillo, defendants Acuna and Rodrigo

16    fraudulently sold the subject property for $467,500.00 to defendant Limit Properties. Avola

17    notarized the deed. Acuna and Rodrigo unlawfully diverted the bulk of seller's proceeds to

18    Gregoria.

19    28. Plaintiff Castillo never authorized this conveyance.

20    29. Plaintiff is informed and believes, and therefore alleges, that defendant Acuna forged all

21    necessary documents to execute the above noted sale.

22    30. The before mentioned transaction was facilitated by Hacienda Escrow Corporation.

23    31. Plaintiff is aware of at least twenty-five (25) documents forged with Castillo's signature

24    transacted through escrow.

25    32. At no time before, during or after escrow did Hacienda verify Mario Castillo's identity.

26    33. At no time before, during or after escrow did Hacienda meet Mario Castillo in person.

27    34. Hacienda published and caused the false deed to be recorded that purported to transfer

28    title from plaintiff Castillo to defendant Limit,

-4-

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr.
4ᵗʰ Floor
Newport Beach, CA 92660

FRAUD, MISREPRESENTATION, INTERFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1   35. Plaintiff Castillo received no funds from escrow after the purported transfer.

2   36. At no time did Hacienda inquire into the appropriateness of this transaction.

3                                  I.

4   FIRST CAUSE OF ACTION FOR FRAUD WITH REPECT TO RODRIGO ERNESTO

5   BUSTAMANTE, GREGORIA BUSTAMANTE, GLOBAL REAL ESTATE LOANS.COM,

6                    RACHEL ACUNA, AND DOES 5 through 50.

7   A. First Count

8   37. Plaintiff incorporates and realleges paragraphs 1 through 38 as though fully set out in

9   this cause of action.

10  38. Plaintiff alleges that Acuna, without plaintiff's permission, forged his signature on

11  documents as part of a scheme to fraudulently transfer the subject property to Gregoria, and

12  later to Limit.

13  39. Unknown to him, plaintiff was a "straw buyer". Defendants Acuna, Rodrigo, Gregoria

14  and Does 1-50 used plaintiff's identity to purchase the subject property. At the time of

15  Castillo's acquisition of the subject property, Rodrigo led him to believe he was making a

16  great investment. What Rodrigo did not tell Castillo was he, along with Acuna, Gregoria and

17  Does 5 - 50, intended to "steal" plaintiff's property.

18  40. Acuna forged Castillo's signature on deeds twice, passing title once to Gregoria and later

19  to Limit.

20  41. The day after the fraudulent transfer to Gregoria, the record reflects Gregoria deeded the

21  property back to Castillo. However, the transfer from Gregoria to Castillo was not recorded

22  until March 2, 2004, the same date the preliminary title report was issued for Limit's

23  acquisition.

24  42. Plaintiff alleges Acuna, Gregoria, Rodrigo and Does 5-50, intended to sell the subject

25  property, under the false belief that Gregoria rightfully owned it, and split the seller's

26  proceeds. However, existing liens on the property, evidenced by the preliminary tile report,

27  revealed Castillo's interest. Therefore, in order to perpetrate the fraud, Acuna, Gregoria

28  Rodrigo and Does 5-50 transferred title back to Castillo.

-5-

FRAUD, MISREPRESENTATION, INTERFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    43. Then, Acuna forged and Rodrigo filed unauthorized documents and escrow instructions

2    to further the fraud and divert the proceeds.

3    44. As a direct and proximate result of defendants' act(s), Castillo has suffered damages.

4    B. Second Count (Conspiring to Commit Fraud)

5    45. Plaintiff alleges the representations and acts of Acuna, Rodrigo, Gregoria and Does 5-50

6    were made willfully, wantonly and maliciously and plaintiff is entitled to exemplary and

7    punitive damages.

8    46. Defendants Acuna, Rodrigo, Gregoria and Does 5-50 knowingly and willfully conspired

9    and agreed among themselves to commit fraud.

10    47. Rodrigo, Gregoria, Acuna and Does 5-50 were aware of each other's fraudulent acts and

11    individually agreed to profit from them.

12    48. Rodrigo, Acuna, Gregoria and Does 5-50 did the acts herein alleged, pursuant to, and

13    furtherance of, the conspiracy and above-alleged agreement.

14    49. Rodrigo, Gregoria and Does 5-50 furthered the conspiracy by cooperating with, or

15    lending aid and encouragement, or ratified and adopted that acts of defendant Acuna, by

16    accepting proceeds resulting from Acuna's forgery, unauthorized transfer of title and

17    subsequent fraudulent escrow instructions.

18    50. Plaintiff is informed, believes and thereon alleges that the last act in pursuance of the

19    above-described conspiracy occurred on or about the date, Rodrigo, Gregoria and Does 5-50

20    accepted funds from escrow.

21    51. As a direct and proximate result of defendants' act(s), plaintiff Castillo has suffered

22    actual damages of at least $150,000.

23    52. Plaintiff alleges the representations of defendants, were made willfully, wantonly and

24    maliciously and that plaintiff is entitled to exemplary and punitive damages.

25    C. Third Count (Respondeat Superior)

26    53. At all times mentioned defendant Acuna, Rodrigo and Does 5-50 were the agents and

27    employees of defendant Global and, in doing the acts herein described and referred to, were

28    acting in the course and within the scope of their authority as agents and employees, and in

-6-

LAW OFFICES OF
MATTHEW VAN FLEET
666 Newport Center Dr.
4th Floor
Newport Beach, CA 92660

FRAUD, MISREPRESENTATION, INTERFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    the transaction of business of the employment or agency. Global is, therefore, liable to

2    plaintiff for the acts of Acuna, Rodrigo and Does 5-50 as hereto fore alleged.

3    D. Fourth Count (Alter Ego)

4    54. Acuna and Does 5 through 50, inclusive, are persons in control of defendant Global.

5    55. Acuna and Does 5 through 50, inclusive, are liable for the acts of defendant Global

6    alleged in this complaint as the alter egos of the defendant Global. Recognition of the

7    privilege of separate existence would promote injustice because defendants Acuna and Does

8    5 through 50, inclusive, in bad faith dominated and controlled defendant Global as follows:

9    failing to adequately capitalize with only $20,000 capital invested in the corporation and

10    failure to carry proper insurance; Acuna's treatment of individual assets of the corporation as

11    her own; holding out Acuna is individually liable for debts of the corporation; commingling

12    of funds and other assets; the unauthorized diversion of corporate funds or assets to other than

13    corporate uses.

14                                       II.

15    SECOND CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION WITH

16    RESPECT TO DEFENDANT RODRIGO ERNESTO BUSTAMANTE, GLOBAL REAL

17                ESTATE LOANS.COM AND DOES 5 through 50.

18    A. First Count

19    56. Plaintiff incorporates and realleges paragraphs 1 through 57 as though fully set out in

20    this cause of action.

21    57. Defendant Rodrigo represented to plaintiff that he would act as plaintiff's agent and

22    faithfully sell plaintiff's property.

23    58. Defendant's representation was not true.

24    59. Defendant had no reasonable grounds for believing the representation was true when he

25    made it.

26    60. Plaintiff reasonably relied on defendant's representation.

27    61. The plaintiff was harmed.

28

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr.
4th Floor
Newport Beach, CA 92660

-7-

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    62. That plaintiff's reliance on defendant's representation was a substantial factor in causing

2    his harm.

3    **B. Second Count (Respondeat Superior)**

4    · 63. At all times mentioned defendant Rodrigo was the agent and employee of defendant

5    Global and, in doing the acts herein described and referred to, was acting in the course and

6    within the scope of his authority as agent and employee, and in the transaction of business of

7    the employment or agency. Defendant Global is, therefore, liable to plaintiff for the acts of

8    Rodrigo as hereto fore alleged.

9    **C. Fourth Count (Alter Ego)**

10   64. Acuna and Does 5 through 50, inclusive, are persons in control of defendant Global.

11   65. Acuna and Does 5 through 50, inclusive, are liable for the acts of defendant Global

12   alleged in this complaint as the alter egos of the defendant Global. Recognition of the

13   privilege of separate existence would promote injustice because defendants Acuna and Does

14   5 through 50, inclusive, in bad faith dominated and controlled defendant Global as follows:

15   failing to adequately capitalize with only $20,000 capital invested in the corporation and

16   failure to carry proper insurance; Acuna's treatment of individual assets of the corporation as

17   her own; holding out Acuna is individually liable for debts of the corporation; commingling

18   of funds and other assets; the unauthorized diversion of corporate funds or assets to other than

19   corporate uses.

20                                        III.

21   <u>THIRD CAUSE OF ACTION FOR NEGLIGENCE WITH REPECT TO RODRIGO</u>

22   <u>ERNESTO BUSTAMANTE, RACHEL ACUNA, RENEE C. AVOLA, GLOBAL REAL</u>

23   <u>ESTATE LOANS.COM, HACIENDA ESCROW CORPORATION AND DOES 5 through</u>

24                                        <u>50.</u>

25   A. <u>First Count (Negligence)</u>

26   66. Plaintiff incorporates and realleges paragraph 1 through 67 as though fully set out in this

27   cause of action.

28

                                        -8-

1   67. As plaintiff's real estate agent, defendant, Rodrigo, owed plaintiff a duty to act as a

2   reasonable real estate agent.

3   68. Defendant Rodrigo breached the duty of care owed to the plaintiff by conspiring to

4   commit fraud and abscond with the proceeds of the sale of plaintiff's property.

5   69. As an officer-agent representing plaintiff, Acuna owed Castillo a duty to act as a

6   reasonable real estate agent.

7   70. Defendant Acuna breached the duty owed to plaintiff by conspiring to commit fraud and

8   forging plaintiff's name on over twenty-five (25) documents.

9   71.   As a notary, defendant notary Avola owed a duty to safeguard her notary seal.

10   72.   Defendant notary Avola breached her duty by storing her seal where others could

11   readily gain access to it.

12   73.   Does 5-50 owed a duty of care to plaintiff.

13   74.   Does 5-50 breached the duty of care owed to plaintiff.

14   75.   As a direct and legal result of the negligence of defendants, plaintiff has suffered

15   damages.

16   B. Second Count (Respondeat Superior)

17   76.   At all times mentioned Rodrigo, Acuna, Avola and Does 5-50 were agents and

18   employees of defendant Global, and, in doing the acts herein described and referred to, were

19   acting in the course and within the scope of their authority as agents and employees, and in

20   the transaction of business of their employment or agency. Defendant Global is, therefore,

21   liable to plaintiff for the acts of Rodrigo, Acuna, Avola and Does 5-50 as hereto fore alleged.

22   C. Third Count (Employer's Negligent Hiring)

23   77.   Plaintiff is informed and believes and thereon alleges that, in doing the acts as

24   heretofore alleged, Global knew, or in the exercise of reasonable diligence should have

25   known, that defendant Rodrigo, Avola, Acuna and/or Does 5-50 were unfit to perform duties

26   for which they was employed, and that an undue risk to persons such as plaintiff would exist

27   because of the employment. For example, the California Department of Real Estate granted

28   Rodrigo a restricted salesperson's license, as compared to a standard real estate person's

-9-

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1  license, which held Global to the elevated duty of reviewing all of Rodrigo's transactions.

2  Rodrigo was convicted of a felony for receiving stolen property and could not obtain a

3  standard real estate sales person license.

4  78.  Despite advance knowledge, Global retained defendants Rodrigo, Acuna, Avola and

5  Does 5-50 as an employee in conscious disregard of the rights and safety of others. Because

6  of this conscious disregard of the rights of plaintiff, plaintiff is entitled to an award of general

7  and punitive damages from defendant Global.

8  D. Fourth Count (Negligent Training or Supervision)

9  79.  Plaintiff is informed and believes and thereon alleges that, in doing the acts as

10  heretofore alleged, Global knew, or in the exercise of reasonable diligence should have

11  known, that defendant Rodrigo, Acuna, Avola and Does 5-50 were neither qualified nor able

12  to safely conduct real estate transactions, and that undue risk to persons such as plaintiff

13  would exist because of this lack of ability unless Global adequately trained and supervised

14  defendants Rodrigo, Acuna, Avola and Does 5-50 in the exercise of the tasks of his

15  employment. For example, Rodrigo could not obtain a standard real estate persons license

16  because of a prior felony conviction for receiving stolen property. The conditional license

17  issued required any employing broker to closely monitor all of Rodrigo's transactions.

18  80.  Notwithstanding the knowledge that defendant Rodrigo, Acuna, Avola and Does 5-50

19  were neither qualified nor able to conduct legitimate real estate transactions, defendant Global

20  did not adequately supervise Rodrigo, Acuna, Avola and Does 5-50 in their performance of

21  conducting real estate transactions.

22  81.  The failure of Global to adequately supervise defendant Rodrigo, Acuna, Avola and

23  Does 5-50 was the proximate cause of plaintiff's injury. If Global had monitored these

24  defendants, the injured plaintiff would not have suffered damages.

25  82.  Despite the advance knowledge, Global allowed defendants to conduct real estate

26  transactions in conscious disregard of the rights and safety of others. Global's conscious

27  disregard of the rights of plaintiff warrants an award of general and punitive damages.

28  E. Fifth Count (Alter Ego)

-10-

1    83. Acuna and Does 5 through 50, inclusive, are persons in control of defendant Global.

2    84. Acuna and Does 5 through 50, inclusive, are liable for the acts of defendant Global

3    alleged in this complaint as the alter egos of the defendant Global. Recognition of the

4    privilege of separate existence would promote injustice because defendants Acuna and Does

5    5 through 50, inclusive, in bad faith dominated and controlled defendant Global as follows:

6    failing to adequately capitalize with only $20,000 capital invested the corporation and failure

7    to carry proper insurance; Acuna's treatment of individual assets of the corporation as her

8    own; holding out Acuna is individually liable for debts of the corporation; commingling of

9    funds and other assets; the unauthorized diversion of corporate funds or assets to other than

10    corporate uses.

11                                    IV.

12        FOURTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH

13        PROSPECTIVE ECONOMIC ADVANTAGE WITH RESPECT TO RODRIGO

14        ERNESTO BUSTAMANTE, GREGORIA BUSTAMANTE, RACHEL ACUNA

15        DEFENDANT GLOBAL REAL ESTATE LOANS.COM AND DOES 5 through 50.

16    A. First Count

17        85.    Plaintiff incorporates and realleges paragraphs 1 through 86 as though fully set out in

18    this cause of action.

19        86.    Between July of 2002 and June of 2004, plaintiff customarily received rents from his

20    investment property located at 627 Cedarglen Drive, Azusa California from tenants who lived

21    there. It is probable that plaintiff would continue to receive rents from tenants in the same

22    amount, if not more, as those he received immediately before the property was fraudulently

23    transferred.

24        87.    Defendants Acuna, Rodrigo, Gregoria and Does 5-50 knew of the above-described

25    relationship existing between plaintiff and tenants.

26        88.    Rodrigo, Gregoria, Acuna and Does 5-50 conspired to fraudulently pass plaintiff's

27    property to Limit, all with the intent to sever plaintiff's right to receive rents from the

28    property.

LAW OFFICES OF
MATTHEW VAN FLEET                                              -11-
660 Newport Center Dr.
4th Floor
Newport Beach, CA 92660    FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    89.    Rodrigo, Gregoria, Acuna and Does 5-50s' acts constituted fraud in violation of

2    California Civil Code § 1709 and California Civil Code § 1710.

3    90.    Because of defendants' fraudulent conduct plaintiff has not received rents from the

4    property since June of 2004.

5    91.    As a proximate result of the defendants' fraudulent conduct plaintiff has suffered

6    damages.

7    B. Second Count (Conspiracy to Intentionally Interfere with Prospective Economic Advantage)

8    92.    Acuna, Rodrigo, Gregoria and Does 5-50 knowingly and willfully conspired and agreed

9    among themselves to intentionally interfere with plaintiff's prospective economic advantage.

10   93.    Gregoria, Rodrigo and Does 5-50 were aware of Acuna's forgery and unauthorized

11   execution of said grant deed and agreed to receive distributions from Acuna's fraudulent

12   escrow instructions.

13   94.    Defendants Rodrigo, Gregoria and Does 5-50 did the acts and things herein alleged

14   pursuant to, and furtherance of, the conspiracy and above-alleged agreement.

15   95.    Defendants Rodrigo, Gregoria and Does 5-50 furthered the conspiracy by cooperation

16   with, or lent aid and encouragement, or ratified and adopted that acts of Acuna, by accepting

17   proceeds resulting from Acuna's forgery, unauthorized transfer of title, and subsequent

18   fraudulent escrow instructions.

19   96.    Plaintiff is informed and believes thereon alleges that the last act in pursuance of the

20   above-described conspiracy occurred on or about the date Gregoria, Rodrigo and Does 5-50

21   accepted funds from escrow.

22   97.    Because of defendant's conduct plaintiff has not received rents from the property since

23   June of 2004.

24   98.    As a proximate result of the defendant's fraudulent conduct plaintiff has suffered

25   damages.

26   C. Third Count (Respondeat Superior)

27   99.    At all times mentioned defendant Rodrigo, Acuna and Does 5-50 were the agents and

28   employee of Global, and, in doing the acts herein described and referred to, were acting in the

-12-

| | |
|---|---|
| 1 | course and within the scope of their authority as agent and employee, and in the transaction of |
| 2 | business of the employment or agency. Global is, therefore, liable to plaintiff for the acts of |
| 3 | Rodrigo, Avola and Acuna as hereto fore alleged. |
| 4 | D. Fourth Count (Alter Ego) |
| 5 | 100. Defendant Acuna and Does 5 through 50, inclusive, are persons in control of |
| 6 | defendant Global. |
| 7 | 101. Defendant, Acuna and Does 5 through 50, inclusive, are liable for the acts of defendant |
| 8 | Global alleged in this complaint as the alter egos. Recognition of the privilege of separate |
| 9 | existence would promote injustice because defendants Acuna and Does 5 through 50, |
| 10 | inclusive, in bad faith dominated and controlled defendant Global as follows: failing to |
| 11 | adequately capitalize with only $20,000 capital invested in the corporation and failure to |
| 12 | carry proper insurance; Acuna's treatment of individual assets of the corporation as her own; |
| 13 | holding out Acuna is individually liable for debts of the corporation; commingling of funds |
| 14 | and other assets; the unauthorized diversion of corporate funds or assets to other than |
| 15 | corporate uses. |
| 16 | V. |
| 17 | FIFTH CAUSE OF ACTION FOR NEGLIGENT INTERFERENCE WITH ECONOMIC |
| 18 | ADVANTAGE WITH RESPECT TO RODRIGO ERNESTO BUSTAMANTE, RACHEL |
| 19 | ACUNA, GLOBAL REAL ESTATE LOANS.COM AND DOES 5 through 50. |
| 20 | A. First Count |
| 21 | 102. Plaintiff incorporates and re-alleges paragraphs 1 through 103 as though fully set out in |
| 22 | this cause of action. |
| 23 | 103. It was foreseeable, at the time Acuna, Rodrigo and Does 5-50 conspired to fraudulently |
| 24 | pass title from Castillo, it would interfere with Castillo's economic advantage. |
| 25 | 104. Nevertheless, Acuna, Rodrigo and Does 5-50 did conspire and Acuna and Does 5-50 |
| 26 | forged plaintiff's signature and Gregotia, Rodrigo and Does 5-50 did abscond with Castillo's |
| 27 | proceeds. |
| 28 | 105. Because of defendant's negligence plaintiff suffered damages. |

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr,
4th Floor
Newport Beach, CA 92660

1    **B. Second Count (Respondeat Superior)**

2    106. At all times mentioned defendants Rodrigo, Acuna and Does 5-50 were the agents and

3    employee of defendant Global, in doing the acts herein described and referred to, were acting

4    in the course and within the scope of their authority as agents and employees, and in the

5    transaction of business of the employment or agency. Global is, therefore, liable to plaintiff

6    for the acts of Rodrigo, Acuna and Does 5-50 as hereto fore alleged.

7    **C. Fourth Count (Alter Ego)**

8    107.    Acuna and Does 5 through 50, inclusive, are persons in control of defendant

9    Global.

10   108.    Acuna and Does 5 through 50, inclusive, are liable for the acts of defendant

11   Global alleged in this complaint as the alter egos. Recognition of the privilege of separate

12   existence would promote injustice because defendants Acuna and Does 5 through 50,

13   inclusive, in bad faith dominated and controlled defendant Global as follows: failing to

14   adequately capitalize with only $20,000 capital invested in the corporation and failure to

15   carry proper insurance; Acuna's treatment of individual assets of the corporation as her own;

16   holding out Acuna is individually liable for debts of the corporation; commingling of funds

17   and other assets; the unauthorized diversion of corporate funds or assets to other than

18   corporate uses.

19                                                    VI.

20          SIXTH CAUSE OF ACTION FOR FALSE CERTIFICATE OF AUTHENTICATION

21              WITH RESPECT TO DEFENDANT RENEE AVOLA, RODIRIGO ERNESTO

22           BUSTAMANTE, GLOBAL REAL ESTATE LOANS.COM, RACHEL ACUNA AND

23                                          DOES 5 through 50

24   **A. First Count**

25   109.    Plaintiff incorporates and realleges paragraphs 1 through 110 as though fully set

26   out in this cause of action.

27   110.  On or about October 15, 2003, Acuna forged plaintiff's name on a grant deed

28   purportedly transferring 627 Cedarglen Drive, Azusa from Castillo to Bustamante.

                                                    -14-

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr.
6th Floor
Newport Beach, CA 92660

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    111. Affixed to the grant deed was a Certificate of Acknowledgment executed by, and

2    bearing the official seal of defendant notary Rodrigo. The document certified on October 15,

3    2003, Castillo personally appeared before Rodrigo, he knew Castillo as the person described

4    in the grant deed and Castillo executed the grant deed.

5    112. Plaintiff is informed and believes and thereon alleges that the Certificate of

6    Acknowledgment was, and is, false and that defendant notary Rodrigo at all times knew, or

7    should have known, that it was false or took the acknowledgment without knowing, or having

8    satisfactory evidence that, the person making the acknowledgement was the individual who

9    was described in and who executed the instrument.

10   113. On or about June 17, 2004 Acuna forged plaintiff's name on a grant deed purportedly

11   transferring 627 Cedarglen Drive, Azusa from Mario to Limit.

12   114. Affixed to the grant deed was a Certificate of Acknowledgement executed by, and

13   bearing the official seal of defendant notary Avola, in which it was certified that on June 17,

14   2004 Castillo personally appeared before defendant notary Avola and as such notary public,

15   that Castillo was known to defendant notary Avola to be the person who was described in and

16   whose name was subscribed to the grant deed, and that Castillo then and there acknowledged

17   that he had executed the grant deed.

18   115. Plaintiff is informed and believes and thereon alleges that the Certificate of

19   Acknowledgment was, and is, false and that defendant notary Avola at all time knew, or

20   should have known, that it was false or took the acknowledgment without knowing, or having

21   satisfactory evidence that, the person making the acknowledgement, was the individual who

22   was described in and who executed the instrument.

23   116. As a proximate result of defendant's false certificate, and defendant's acting on it as

24   herein alleged, plaintiff suffered damage.

25   B. Second Count (Respondeat Superior)

26   117. At all times mentioned, Avola and Rodrigo were the agents and employees of defendant

27   Global and, in doing the acts herein described and referred to, were acting in the course and

28   within the scope of their authority as agent and employee, and in the transaction of business

-15-

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    of the employment or agency. Global is, therefore, liable to plaintiff for the acts of Avola and

2    Bustamante as hereto fore alleged.

3    C. Third Count (Alter Ego)

4    118. Defendant, Acuna and Does 5 through 50, inclusive, are liable for the acts of defendant

5    Global alleged in this complaint as the alter egos of the defendant Global. Recognition of the

6    privilege of separate existence would promote injustice because defendants Acuna and Does

7    5 through 50, inclusive, in bad faith dominated and controlled defendant Global as follows:

8    failing to adequately capitalize with only $20,000 capital invested the corporation and failure

9    to carry errors and omissions insurance; Acuna's treatment of individual assets of the

10   corporation as her own; holding out Acuna is individually liable for debts of the corporation;

11   commingling of funds and other assets; the unauthorized diversion of corporate funds or

12   assets to other than corporate uses.

13                                        VII.

14          SEVENTH CAUSE OF ACTION TO CANCEL DEED AND QUIET TITLE

15          AGAINST DEFENDANT LIMIT PROPERTIES L.L.C. AND DOES 5 through 50.

16   119. Plaintiff incorporates and realleges paragraphs 1 through 120, as though fully set out

17   in this cause of action.

18   120. On June 16, 2004, plaintiff was the owner of record of certain real property located at

19   627 Cedarglen Drive, Azusa, CA 91702, described as follows: Lot 38 of Tract No. 27346, In

20   the City of Azusa, County of Los Angeles, State of California, as per map recorded in book

21   699 page(s) 22 and 23 of maps, in the office of the county recorder of said county.

22   121. Plaintiff is informed and believes, and on that basis alleges that, on June 17, 2004,

23   defendant Rodrigo signed and delivered to defendant Limit Properties LLC a deed that

24   purportedly conveyed the real property to defendant Limit Properties LLC.

25   122. Plaintiff is informed and believes, and on that basis alleges the signature on the deed is

26   a forgery, in that the plaintiff never actually signed any documents nor authorized the signing

27   of any documents to transfer title of the subject property to any third party.

28   123. Based on the foregoing, plaintiff seeks by this action to cancel the deed and quiet title in
                                             -16-

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr.
6th Floor
Newport Beach, CA 92660

FRAUD, MISREPRESENTATION, INTEFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1 | plaintiff.

2 | VIII.

3 | EIGHTH CAUSE OF ACTION FOR SLANDER OF TITLE AGAINST DEFENDANT

4 | HACIENDA ESCROW COMPANY AND DOES 5 through 50.

5 | 124.  Plaintiff incorporates and realleges paragraphs 1 through 125, as though fully set out

6 | in this cause of action.

7 | 125.  Hacienda knew, or should have known, that plaintiff Castillo did not intend to pass title

8 | to his property.

9 | 126.  Hacienda had a duty to refrain from recording a void grant deed.

10 | 127.  Hacienda breached its duty when it recorded the false deed.

11 | 128.  When recording, or causing recordation, of the void grant deed, defendant Hacienda

12 | cast doubt on the existence of the plaintiff Castillo's interest in the property. The publication

13 | gave notice to the world by recordation in Los Angeles County. The disparaging comments

14 | were false and Hacienda lacked privilege to make such assertion.

15 | 129.  Because of Hacienda's conduct, the subject property suffers damaged venability.  The

16 | property is less valuable since Hacienda slandered its title.

17 | IX.

18 | NINTH CAUSE OF ACTION FOR ALTER EGO AGAINST RACHEL ACUNA AND DOES 5

19 | through 50

20 | 130.  Plaintiff incorporates and re-alleges paragraphs 1 through 131 as though fully set out

21 | in this cause of action.

22 | 131.        Defendant Acuna and Does 5 through 50, inclusive, are persons in control of

23 | defendant Global.

24 | 132.  Defendant, Acuna and Does 5 through 50, inclusive, are liable for the acts of defendant

25 | Global alleged in this complaint as the alter egos of the defendant Global.  Recognition of the

26 | privilege of separate existence would promote injustice because defendants Acuna and Does

27 | 5 through 50, inclusive, in bad faith, dominated and controlled defendant Global as follows:

28 | failing to adequately capitalize with only $20,000 capital invested the corporation and failure

-17-

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr.
4th Floor
Newport Beach, CA 92660

FRAUD, MISREPRESENTATION, INTERFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1    to carry proper insurance; Acuna's treatment of individual assets of the corporation as her

2    own; holding out Acuna is individually liable for debts of the corporation; commingling of

3    funds and other assets; the unauthorized diversion of corporate funds or assets to other than

4    corporate uses.

5

6                           PRAYER FOR RELIEF

7    WHEREFORE, plaintiff Mario Castillo demands judgment against defendants, and each of

8    them, as follows:

9         1.  Compensatory damages;

10        2.  Exemplary damages in an amount determined by the court to be reasonable as

11            authorized by section 3294 of the Civil Code;

12        3.  Interest on the damages according to law;

13        4.  Disgorgement of profits;

14        5.  Prejudgment interest;

15        6.  Attorney's Fees;

16        7.  Costs incurred in this action;

17        8.  For an order and judgment by this court that the deed is void and must be delivered

18            and cancelled;

19        9.  For an order and judgment by this court quieting title in plaintiff; and

20        10. Any other and further relief that the court considers proper.

21

22    Dated: January 10, 2007                    Law Offices of Matthew Van Fleet

23

24

25                                      By: _____

26                                           Matthew Van Fleet, Esq.
                                             Attorneys for Plaintiff
27                                           Mario Castillo

28

LAW OFFICES OF
MATTHEW VAN FLEET
660 Newport Center Dr.
4th Floor
Newport Beach, CA 92660

                                        -18-

FRAUD, MISREPRESENTATION, INTERFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

1

## PROOF OF SERVICE

2     I am over 18 years of age and not a party to this action. My business address is 660
Newport Center Dr., Suite 400, Newport Beach, California 92660.

3

4     On January 10, 2007, I served the foregoing 3rd Amended Complaint in the manner
below:

5         Mark O'Brien                   Counsel for Defendants Global Real
        50 W. Lemon Ave #29          Estate Loans.Com and Rachel Acuna

6         Monrovia, California 91016

7

8 ☐    U.S. MAIL: I deposited the documents with the U.S. Postal Service, postage prepaid, in
Newport Beach, California.

9

10 ☐    OVERNIGHT CARRIER: I delivered the documents, fare prepaid, to a carrier authorized
to receive and transport documents for overnight delivery.

11 ☒    ELECTRONIC TRANSMISSION: By court order or agreement of the parties, I
transmitted scanned copies of the documents by email or facsimile. The transmission

12     was complete and without error.

13 ☐    PERSONAL DELIVERY: I delivered the documents to a courier authorized to transport
documents for personal delivery.

14

15     I verify this service under California's penalty of perjury on January 10, 2007 in Newport
Beach, California.

16                              Matthew Van Fleet

17

18

19

20

21

22

23

24

25

26

27

28

-19-

FRAUD, MISREPRESENTATION, INTERFERENCE WITH ECONOMIC ADVANTAGE, NEGLIGENCE, FALSE CERTIFICATE AND QUIET TITLE

**2**

1    **MEMORANDUM OF DECISION**        ORIGINAL FILED

2    **ON SUBMITTED MATTER**           SEP 1 2 2008

3    **DEPT. H, POMONA SOUTH**         LOS ANGELES
                                       SUPERIOR COURT

4

5    **CASE NAME:** Mario Castillo vs. Rachel Acuna and Global Real Estate

6    Loans.Com

7    **CASE NUMBER:** KC 046034 H

8    **TYPE OF MOTION / HEARING:** Court Trial

9    **DATE OF LAST HEARING / SUBMISSION:** May 27, 2008

10

11   This matter was tried before the court between May 20 and 27, 2008,

12   and submitted. The default prove-up as to Defendant Ernesto or Ernie

13   Bustamonte was done concurrently with the contested trial between Plaintiff

14   and Defendants Rachel Acuna and Global Real Estate Loans.com.

15   Although formal findings of fact and law were not requested by either

16   side, the court now rules and makes the following findings:

17   It was the position of both sides that the burden of proof should be

18   "preponderance of evidence" as to all causes of action and claims. This was

19   the standard the court applied, except as to the first cause of action for fraud

1

1    and conspiracy to commit fraud, for which the "clear and convincing

2    evidence" standard was used.

3        As to Plaintiff's claim for punitive damages against all defendants, the

4    parties further agree that the burden is on Plaintiff to show by clear and

5    convincing evidence that Defendants acted with the requisite malice, fraud,

6    or oppression. The parties stipulated to a bifurcated trial on the appropriate

7    amount of punitive damages, to be scheduled if malice, fraud or oppression

8    was found.

9        It is undisputed that Defendant Acuna was at all relevant times an

10    officer, shareholder, and director of Defendant Global. It is also undisputed

11    that at the time of the transactions in question, she was not a licensed broker,

12    and was not the managing broker of Defendant Global. The evidence also

13    establishes that at all relevant times Defendant Global was also doing

14    business as Global, Global Real Estate Sales.com, and Security Financial.

15        The critical disputed question of fact tried to the court was whether

16    Defendant Acuna actually forged the documents in question. On this issue,

17    the court finds the preponderance of evidence is that Ms. Acuna by her hand

18    placed what was purported to be the signature of Plaintiff on the documents

19    in question. This finding is based primarily on weighing the conflicting

20    expert opinions. While the finding herein is not limited to this particular

2

1   evidence, the court found it important that Plaintiff's expert opined it was

2   highly probable that Ms. Acuna signed all the documents in question.

3   Defendants' expert agreed the same person signed all the questioned

4   documents, but disagreed with the opinion that the signatures were done by

5   the hand of Ms. Acuna. Defendants' expert, however, could not include or

6   exclude Ms. Acuna as being the forger, primarily based on the belief that a

7   meaningful comparison of printing versus handwriting could not be made.

8   Neither expert offered any opinions as to whether the questioned signatures

9   were or were not forged by other possible suspects, like Mr. Bustamonte, the

10  escrow officer, or the notary. In deciding the forgery question, the court

11  declined Defense Counsel's suggestion that it make its own non-expert

12  comparisons of Defendant Acuna's or Bustamonte's handwriting exemplars

13  with the signatures on the forged documents.

14          In addition to weighing the testimony of the experts, the court has

15  considered the testimony of the other witnesses, including Plaintiff and

16  Defendant Acuna. While she denies any knowledge or involvement in the

17  fraud perpetrated, there are just too many unanswered irregularities and

18  uncorroborated statements to make her denials more believable than the

19  evidence presented on the Plaintiff's side. There is no documentation or

20  corroboration of the substantial loan Ms. Acuna, through her mother,

3

1    allegedly made to Mr. Bustamonte. Similarly, Mr. Starr, the president of

2    Security Financial, another dba of Defendant Global, received $56,000 from

3    escrow, with no substantiation of having loaned money to Mr. Bustamonte.

4    Although on the MLS, no listing file was found or presented into evidence.

5    There was no plausible explanation as to why no deed of trust was ever

6    recorded on the loan from Defendant Acuna, or why no demand for payment

7    was made through escrow, especially given the number of other demands for

8    payment of lesser amounts made. There was no plausible explanation as to

9    why Defendants Global or Acuna would not have received a commission, or

10    why Defendant Acuna would do the work she admitted to doing on the file if

11    it was not her listing and no commission was expected.

12    Undoubtedly, the period in question, was a hectic and crazy time for

13    the real estate industry, but the number and magnitude of irregularities in the

14    fraudulent transfer and sale of the property in question, with no acceptable

15    explanation, casts suspicion on the real estate professionals involved.

16    Nevertheless, on the evidence presented, the court cannot find the same facts

17    are established to the higher standard of "clear and convincing evidence" as

18    to Defendants Global and Acuna. As to Defendant Bustamonte, the higher

19    standard of proof is met. The implications of this distinction will be

20    discussed later.

4

1     As the evidence also shows that Ms. Acuna was a shareholder, officer,

2     and director of Defendant Global, and that she was acting at all times within

3     the scope of those roles, Defendant Global is responsible for her actions.

4     There was no evidence presented or contention made that she ever acted

5     outside the scope of her employment.

6     Therefore, independent and aside from the question of who actually

7     executed the documents, the court finds liability of Defendants Acuna and

8     Global for negligence and breach of duties owed to Plaintiff for the

9     following:

10         (a)  The failure to supervise Defendant Bustamonte.  No

11         evidence was presented as to any oversight of the activities of Mr.

12         Bustamonte.  He apparently had the run of the Global office, and

13         acted as a salesperson, although not licensed during the events in

14         question;

15         (b)  The failure to maintain reasonable security over password

16         access to the MLS.  If Ms. Acuna personally or through her assistant

17         didn't list the property in question, as she testified, then Mr.

18         Bustamonte or someone else was apparently able to do so by use of

19         Ms. Acuna's confidential access code.

5

1          ( c) the failure to make a reasonable investigation or take other

2      appropriate steps, including notifying the supervising broker, once

3      Ms. Acuna became aware that the property had somehow been listed

4      using her confidential access code.  Instead, Ms. Acuna facilitated the

5      completion of the sale by communication with the escrow officer and

6      selling agent.

7          (d) Allowing Mr. Bustamonte to hold himself out to the public

8      as a licensed agent by doing acts only authorized by licensed agents,

9      with actual and constructive knowledge that he was doing so.

10     Defendant Global is responsible for the numerous actions of

11     Defendant Bustamonte as its ostensible agent, including his failure to

12     disclose to and communicate with Plaintiff as the legitimate owner of

13     the property the fact the property was listed, the material terms of the

14     offer and subsequent contract for the sale of the property, the forged

15     deeds and other documents being used to perpetrate the fraud, and the

16     disbursements of funds from escrow.

17     Performance of any of the acts above within the standard of care for a

18     real estate sales agent and real estate office would have led to the discovery

19     of the fraud before close of escrow, and probably prevented its

20     consummation and consequential damages.  The court finds the

1    preponderance of evidence is that the absence of having some reasonable

2    controls in place and reasonable supervision of Mr. Bustamonte were

3    substantial factors in causing the damages suffered by Plaintiff.

4         Regarding Defendant Global, there was also no evidence the

5    responsible broker was supervising either Defendant Acuna or Defendant

6    Bustamonte, or otherwise met the standard of care for a supervising broker.

7         Accordingly, the court finds for the Plaintiff and against Defendants

8    on the causes of action of the Third Amended Complaint ("TAC") as

9    follows:

10        On the First Cause of Action for Fraud and Conspiracy to Commit

11   Fraud, judgment is for Defendants Acuna and Global and against Defendant

12   Bustamonte.  Plaintiff did not meet her burden of establishing this cause of

13   action by clear and convincing evidence as to Defendants Acuna and Global.

14   To cover the contingency that the court is wrong in applying the higher

15   burden of proof to this cause of action, the court finds that if the

16   "preponderance of evidence" burden were used, judgment would be for

17   Plaintiff against all Defendants on this cause of action.  As to the conspiracy

18   to commit fraud allegation, and if the burden of proof should be

19   "preponderance of evidence", once the court found that Ms. Acuna actually

7

1    forged the documents in question, the conclusion is inescapable that she also

2    conspired with Defendant Bustamonte to perpetrate the fraud on Plaintiff.

3          On the Second Cause of Action for Negligent Misrepresentation,

4    judgment is for Plaintiff and against Defendants Bustamonte and Global.

5    The court does not find any affirmative, express representations to Plaintiff

6    by Defendants, but does find a failure to disclose material matters in

7    violation of duties to disclose by these defendants.  Defendant Acuna is not a

8    defendant on this cause of action.

9          On the Third Cause of Action for Negligence, judgment is for Plaintiff

10   and against all three defendants.

11         On the Fourth Cause of Action for Intentional Interference with

12   Prospective Economic Advantage, judgment is for Plaintiff against all three

13   defendants.  Plaintiff established a reasonable certainty of income from the

14   property that was lost due to Defendants' actions or inaction.

15         On the Fifth Cause of Action for Negligent Interference with

16   Economic Advantage, judgment is for Plaintiff against all three defendants.

17         On the Sixth Cause of Action for False Certificate of Authentication

18   (slander of title), judgment is in favor of Plaintiff against all three

19   defendants.

8

1        On the Ninth Cause of Action for Alter Ego, judgment is for

2    Defendant Acuna.  Plaintiff did not sufficiently establish that Defendant

3    Acuna is the alter ego of Defendant Global.

4        No findings are made or judgment entered on the Seventh and Eighth

5    Causes of Action for Quiet Title and Slander of Title, which were alleged

6    against other defendants no longer parties in the case.

7        The court attributes no comparative fault to Plaintiff.

8        The court sets compensatory damages as follows:  Plaintiff has

9    already recovered from three other defendants $395,000, which they allocate

10    as $109,000 for attorney fees and costs and $286,112.98 as unspecified

11    compensatory damages.  There was no other evidence regarding attorney

12    fees incurred in the case, and no evidence regarding an appropriate

13    allocation of fees incurred attributable to various defendants or causes of

14    action, or in pursuing tort claims versus contractual or quiet title claims, etc.

15    Therefore, other than the $109,000 already paid by other defendants, no

16    additional attorney fee damages against the defendants in the trial are

17    awarded.

18        It is appropriate to award Plaintiff "benefit of the bargain" damages.

19    The court adopts Plaintiff's expert's opinion that in 2007 the property was

20    worth $680,000.  This is the closest evidence presented as to what the

9

1    property was worth at the time of trial. This figure is also consistent with

2    the amount Plaintiff accepted to settle with the other three defendants of

3    $395,000, which with the loan balance of $287,850, comes to a total of

4    $682,850. Deducting the loan amount was $287,850, Plaintiff would have

5    had net equity, exclusive of selling fees and costs, of $392,150, which the

6    court sets as "benefit of the bargain" damages.

7        Defendants' argue that the property should be valued when the initial

8    fraudulent deed was recorded in 2002, or when the fraudulent sale was

9    consummated in June 2004. However, there is no evidence Plaintiff ever

10    wanted to sell the property, and given the court's findings, it is more

11    appropriate to use the higher value Plaintiff presented than the lower values

12    at the time the fraud was initiated or consummated.

13        The court also awards damages for loss of income from the property.

14    Plaintiff's evidence on this issue was gross rents would have been $164,400,

15    and gross operating expenses would have been $132,480. Based on these

16    figures, damages for lost rents are awarded in the amount of $31,916.

17        The court sets damages for Plaintiff's emotional distress in the amount

18    of $100,000. The stress, anxiety, worry, etc., of what probably appeared like

19    the total loss of a substantial asset, undoubtedly caused the physical and

20    emotional conditions Plaintiff testified to. However, absent evidence of any

10

1    medical or psychological bills or expert testimony, the court sets the

2    emotional distress damages at $100,000.

3         The court finds Defendants Bustamonte, Acuna, and Global jointly

4    and severally liable for the damages. Therefore, the net judgment each is

5    responsible for is $31,916, plus $392,150, plus $100,000, for a total of

6    $524,066. Defendants are entitled to the offset for amounts paid by other

7    defendants for damages other than attorney fees of $286,112.98, leaving a

8    net judgment in favor of Plaintiff and against Defendants Bustamonte,

9    Acuna and Global of $273,953.02.

10        Regarding punitive damages, the burden of proof Plaintiff must meet

11   is that of "clear and convincing evidence". As to Defendant Bustamonte, the

12   court finds that he acted with malice and fraud, and the further trial or prove

13   up on the amount of punitive damages against Defendant Bustamonte is set

14   below. Plaintiff's counsel is reminded that the court can only set punitive

15   damages, other than nominal, based on evidence of that defendant's wealth

16   or net worth.

17        As discussed above, although the court found for Plaintiff and against

18   Defendants Acuna and Global on most issues, these same facts were not

19   established to the degree of being "clear and convincing". Therefore, the

20   court does not find to the requisite degree of proof that defendants Acuna or

11

1    Global acted with malice, fraud, or oppression. The same contingent

2    findings are made as to these defendants if the correct burden of proof

3    should have been a "preponderance of the evidence".

4         As the prevailing party, Plaintiff is entitled to her costs herein, to be

5    established by cost bill to be filed after entry of the formal judgment.

6         The court anticipates there will be one judgment entered covering all

7    parties and causes of action once the punitive damage phase as to Defendant

8    Bustamonte is completed. The trial/prove up to set punitive damages as to

9    Defendant Bustamonte is set for October 13, 2008, 830 a. m.. If Plaintiff

10   elects to not proceed with that portion of the trial, that date will be an OSC

11   regarding the status of entering the judgment as to all defendants. Plaintiff's

12   counsel to submit a proposed judgment after giving defense counsel an

13   opportunity to approve the form and content, in accordance with local and

14   state rules.

15        The clerk is requested to enter a minute order according to and

16   incorporating the ruling herein, and to serve the minute order, along with a

17   copy of this Memorandum of Decision, on all counsel.

18

19   **DATE: September 12, 2008   BY:** _____

20                          **Hon. R. Bruce Minto**

12

**3**

1 | Matthew Van Fleet, Esq. (Bar No. 227338)
LAW OFFICE OF MATTHEW VAN FLEET

2 | 9160 Irvine Center Drive, Suite 200
Irvine , California 92618

3 | T: (949) 769-3610 | F: (877) 769-3611
matthew@vanfleetesq.com

4 | 
Attorneys for Plaintiff Mario Castillo

5 | 

6 | 

7 | 

**ORIGINAL FILED**

DEC 1 0 2008

**LOS ANGELES
SUPERIOR COURT**

8 | ### SUPERIOR COURT OF CALIFORNIA

9 | ### COUNTY OF LOS ANGELES -- POMONA

10 | 

11 | Mario Castillo, an individual
            Plaintiff,

12 |        vs.

13 | RODRIGO ERNESTO BUSTAMANTE, an

14 | individual, GREGORIA BUSTAMANTE,
an individual, GLOBAL REAL ESTATE

15 | LOANS.COM, a California Corporation,

16 | RACHEL ACUNA, an individual, and
DOES 5 through 50, inclusive,

17 | 

18 |        Defendants.

Case No. KC046034

Assigned For All Purposes To
Hon. R. Bruce Minto
Dept. H

[PROPOSED] JUDGMENT

19 | This matter was tried before the Court between May 20 and May 27, 2008 and submitted.

20 | The default prove-up as to Defendant Rodrigo Ernesto Bustamante was done concurrently with

21 | the contested trial between Plaintiff Mario Castillo and Global Real Estate Loans.com.

22 | After submission, on September 12, 2008 the Court found and ruled Defendant Rodrigo

23 | Ernesto Bustamante, Defendant Rachel Acuna and Defendant Global Real Estate Loans.com

24 | jointly and severally liable for the damages. The net judgment Defendants are responsible for is

25 | $524,066. Defendants are entitled to an offset for amounts paid by other Defendants in the

26 | amount of $286,112.98, leaving a total net judgment in favor of Plaintiff, Mario Castillo, and

27 | against Defendants Rodrigo Ernesto Bustamante, Rachel Acuna and Global Real Estate

28 | Loans.com in the amount of $273,953.02. Additionally, the Court found Defendant Rodrigo

1    Ernesto Bustamante liable for punitive damages. Still further, Plaintiff Mario Castillo is entitled

2    to his costs herein, to be established by a cost bill.

3

4    THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED that Plaintiff, Mario Castillo

5    have judgment, jointly and severally, against Defendants Rodrigo Ernesto Bustamante, Rachel

6    Acuna and Global Real Estate Loans.com in the amount of $524,066 less an offset of

7    $286,112.98, for a total net judgment of $273,953.02.

8

9    DATED: _12/10/08_

                      **HONORABLE R. BRUCE MINTO**
                      Judge of the Superior Court

10                       of California, County of Los Angeles

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

[PROPOSED] JUDGMENT

## PROOF OF SERVICE

I am over 18 years of age and not a party to this action. My business address is 660 Newport Center Dr., Suite 400, Newport Beach, California 92660.

On November 3, 2008, I served the foregoing [PROPOSED] ~~Order~~ Judgment in the manner below:

| Mark O'Brien<br>50 W. Lemon Ave #29<br>Monrovia, California 91016 | Counsel for Defendants Global Real Estate Loans.Com and Rachel Acuna |
| --- | --- |

☒ U.S. MAIL: I deposited the documents with the U.S. Postal Service, postage prepaid, in Newport Beach, California.

☐ OVERNIGHT CARRIER: I delivered the documents, fare prepaid, to a carrier authorized to receive and transport documents for overnight delivery.

☐ ELECTRONIC TRANSMISSION: By court order or agreement of the parties, I transmitted scanned copies of the documents by email or facsimile. The transmission was complete and without error.

☐ PERSONAL DELIVERY: I delivered the documents to a courier authorized to transport documents for personal delivery.

I verify this service under California's penalty of perjury on November 14, 2008 in Irvine, California.

Matthew Van Fleet

**4**

## Superior Court of California
## County of Los Angeles

Home

About The Court    Court Locations    Search

LACourtONLINE  News & Media   Jury   Appellate   Civil   Small Claims   Family   Probate   Juvenile   Traffic   Criminal   Mental Health

### Civil

**General Information**

**Case Document Images**

**Party Name Search**

**Case Summary**

**Calendars**

**Filing Court Locator**

**Tentative Rulings**

**Courtroom Information**

**ADR**

**Diet Drug**

**Forms**

**Fees**

**Court Rules**

© 2000, Information Systems and Technology Bureau

## Case Summary

**Case Number:** KC046034
MARIO CASTILLO VS RODRIGO ERNESTO BUSTAMANTE

**Filing Date:** 04/18/2005
**Case Type:** Other Commercial/Business Tort (General Jurisdiction)
**Status:** Dismissed - Other 10/14/2008

---

**Future Hearings**
None

---

Documents Filed  |  Proceeding Information

**Parties**

ACUNA RACHEL - Defendant

AVOLA RENNE C. - Defendant

BUSTAMANTE GREGORIA - Defendant/Cross-Defendant

BUSTAMANTE RODRIGO ERNESTO - Defendant/Cross-Defendant

CASTILLO MARIO - Plaintiff and Cross-Defendant

GLOBAL REAL ESTATE LOANS.COM - Defendant/Cross-Defendant

GONZALEZ RAYMOND MARK - Defendant

HACIENDA ESCROW - Defendant

KARLIN CHARLES I. ESQ. - Attorney for Defendant

LEDESMA MARGARET CRUZ - Defendant

LIMIT PROPERTIES L.L.C. - Defendant and Cross-Complainant

MC CULLOUGH ROBERT BRUCE - Defendant

O'BRIEN MARK M. ESQ. - Attorney for Defendant

OLD REPUBLIC TITLE COMPANY - Defendant

SHAY BARBARA - Defendant

STOWE TERRANCE W. - Atty for Defendant and Cross-Compl

SZALONEK GEORGE JOSEPH - Defendant

TRELLES MAURICIO MACIAS - Defendant

VAN FLEET MATTHEW ESQ. - Attorney for Plaintiff

WESTERN SURETY COMPANY - Defendant

WILSON CLAYTON D. ESQ. - Former Attorney for Defendant

Case Information | Party Information | Proceeding Information

**Documents Filed** (Filing dates listed in descending order)

Click on any of the below link(s) to see documents filed on or before the date
indicated:
03/15/2007   12/08/2005

**03/11/2010** Order (assignment order )
Filed by Attorney for Plaintiff

**03/08/2010** Writ-Other (ISSUED TO LA CO )
Filed by Judgment Creditor

**03/08/2010** Cost Bill after Judgmt(685.070ccp)
Filed by Judgment Creditor

**07/13/2009** Abstract of Judgment (1 ABSTRACT ISSUED )
Filed by Judgment Creditor

**07/10/2009** Writ-Other (1 WRIT ISSUED TO LOS ANGELES COUNTY )
Filed by Judgment Creditor

**07/10/2009** Memorandum of Costs (AFTER JUDGMENT )
Filed by Judgment Creditor

**07/10/2009** Proof of Service
Filed by Judgment Creditor

**04/22/2009** Application - misc (& Order for Appearance & Exam )
Filed by Attorney for Plaintiff

**01/31/2009** Memorandum of Costs (FOR PLAINTIFF MARIO CASTILLO IN THE AMT
OF $15080.13 ENTERED IN JUDGT FILE ON 12-10-08 )
Filed by Attorney for Plaintiff

**01/21/2009** Memorandum of Costs (FOR PLAINTIFF MARIO CASTILLO IN THE AMT
OF $15080.13 )
Filed by Attorney for Plaintiff

**01/07/2009** Memorandum of Costs (FOR PLAINTIFF MARIO CASTILLO IN THE AMT
OF $15240.12 )
Filed by Attorney for Plaintiff

**01/07/2009** Notice of Entry of Judgment
Filed by Attorney for Plaintiff

**12/10/2008** Judgment
Filed by Attorney for Plaintiff

**06/27/2008** Notice of Change of Address
Filed by Attorney for Plaintiff

**08/07/2007** Stipulation and Order (stip and order to continue trial )
Filed by Attorney for Plaintiff

**05/30/2007** Ex-Parte Application
Filed by Attorney for Plaintiff

**05/25/2007** Notice of Ruling
Filed by Attorney for Defendant

**05/22/2007** Declaration (of Robert Bruce McCullough, Doe 10, in Support of Ex

Parte Motion to Vacate Trial/FSC Dates )
Filed by Attorney for Defendant

**05/22/2007** Declaration (of Karen A. Lynch Re: Ex Parte Notice )
Filed by Attorney for Defendant

**05/22/2007** Ex-Parte Application (of Defendant Robert Bruce McCullough for Order
Quashing Service of Summons and Third Amended Complaint, Vacating Trial/ FSC
Dates or, in the Alternative, Continuing Dates for Discovery...)
Filed by Attorney for Defendant

**05/21/2007** Proof of Service (of Summons Third Ameded Comp )
Filed by Attorney for Plaintiff

**04/18/2007** Notice of Continuance (OF FSC )
Filed by Attorney for Plaintiff

**04/16/2007** Amendment to Complaint (George Joseph Szalonek Doe 9 )
Filed by Attorney for Plaintiff

**04/16/2007** Amendment to Complaint (Robert Bruce Mc Cullough Doe 10 )
Filed by Attorney for Plaintiff

**04/16/2007** Amendment to Complaint (Barbara Shay Doe 8 )
Filed by Attorney for Plaintiff

**04/12/2007** Answer to Third Amended Complaint
Filed by Attorney for Defendant

**04/02/2007** Notice of Hearing
Filed by Court

**03/28/2007** Amendment to Complaint (Raymond Mark Gonzalez Doe 6 )
Filed by Attorney for Plaintiff

**03/28/2007** Amendment to Complaint (Margaret Cruz Ledesma Doe 7 )
Filed by Attorney for Plaintiff

**03/28/2007** Amendment to Complaint (Mauricio Macias Trelles Doe 5 )
Filed by Attorney for Plaintiff

Click on any of the below link(s) to see documents filed on or before the date
indicated:
TOP  03/15/2007  12/08/2005

**03/15/2007** Miscellaneous-Other (Returned Mail Re: Continuance of Hearing )
Filed by Clerk

**03/13/2007** Notice of Hearing
Filed by Court

**02/08/2007** Third Amended Complaint
Filed by Attorney for Plaintiff

**02/08/2007** Stipulation (STIP TO AMEND )
Filed by Attorney for Plaintiff

**01/11/2007** Request for Dismissal-Partial (complaint as to defendant Hacienda
Escrow Company with prejudice )
Filed by Attorney for Plaintiff

**01/11/2007** Request for Dismissal-Partial (complaint as to defendant Renee C.
Avola with prejudice )
Filed by Attorney for Plaintiff

**01/11/2007** Request for Dismissal-Partial (complaint as to defendant Western
Surety Company with prejudice )
Filed by Attorney for Plaintiff

**01/11/2007** Request for Dismissal-Partial (complaint as to defendant Limit
Properties, LLC with prejudice )
Filed by Attorney for Plaintiff

**11/30/2006** Order (order determining good faith settlement as to Hacienda Escrow
Corp. )
Filed by Attorney for Defendant

**11/01/2006** Application - Miscellaneous (Good Faith Settlement Determination )
Filed by Attorney for Defendant

**11/01/2006** Declaration
Filed by Attorney for Defendant

**11/01/2006** Proof of Service
Filed by Attorney for Defendant

**11/01/2006** Notice (Settlement )
Filed by Attorney for Defendant

**10/12/2006** Notice (of Settlement )
Filed by Attorney for Plaintiff

**09/15/2006** Notice of Continuance
Filed by Attorney for Plaintiff

**09/08/2006** Notice
Filed by Attorney for Plaintiff

**09/01/2006** Ex-Parte Application and Order (FOR EXTENSION OF TIME FOR
TAKING DEPOSITIONS; *FOR ORDER SHORTENING TIME FOR NOTICE AND FILING
OF MOTIONS IN LIMINE AND FOR BIFURCATION)
Filed by Attorney for Plaintiff

**08/16/2006** Notice of Continuance
Filed by Attorney for Defendant

**07/31/2006** Notice of Hearing
Filed by Court

**07/26/2006** Opposition
Filed by Atty for Defendant and Cross-Compl

**06/09/2006** Declaration
Filed by Attorney for Defendant

**02/10/2006** Answer to Second Amended Complaint
Filed by Attorney for Defendant

**01/31/2006** Notice of Continuance (Motion to Compel )
Filed by Attorney for Plaintiff

**01/30/2006** Substitution of Attorney
Filed by Attorney for Defendant

**01/25/2006** Answer to Second Amended Complaint
Filed by Attorney for Defendant

**01/23/2006** Proof of Publication
Filed by Attorney for Plaintiff

**12/22/2005** Second Amended Complaint (Filed on Demand )
Filed by Attorney for Plaintiff

Click on any of the below link(s) to see documents filed on or before the date
indicated:
TOP   03/15/2007   12/08/2005

**12/08/2005** Answer to First Amended Complaint
Filed by Attorney for Defendant

**12/08/2005** Answer to Cross-Complaint
Filed by Attorney for Cross-Defendant

**12/08/2005** Statement-Case Management
Filed by Attorney for Defendant

**12/05/2005** Order (order for publication )
Filed by Attorney for Plaintiff

**12/02/2005** Notice of Hearing
Filed by Court

**11/07/2005** Rtn of Service of Summons & Compl (Global Real Estate Loans.Com )
Filed by Attorney for Plaintiff

**10/26/2005** Answer to Cross-Complaint
Filed by Attorney for Plaintiff

**10/06/2005** Statement-Case Management
Filed by Attorney for Plaintiff

**10/05/2005** Statement-Case Management
Filed by Attorney for Defendant

**10/03/2005** Amendment to Complaint (Old Republic Title Company Doe 3 )
Filed by Attorney for Plaintiff

**10/03/2005** Amendment to Complaint (Hacienda Escrow Doe 4 )
Filed by Attorney for Plaintiff

**09/27/2005** Answer to First Amended Complaint
Filed by Attorney for Defendant

**09/27/2005** Cross-Compl fld - Summons Issued
Filed by Atty for Defendant and Cross-Compl

**09/23/2005** First Amended Complaint
Filed by Attorney for Plaintiff

**08/31/2005** Rtn of Service of Summons & Compl (Rodrigo Ernesto Bustamante )
Filed by Attorney for Plaintiff

**08/31/2005** Rtn of Service of Summons & Compl (Western Surety Company )
Filed by Attorney for Plaintiff

**08/31/2005** Rtn of Service of Summons & Compl (Limit Properties, LLC )
Filed by Attorney for Plaintiff

**08/24/2005** Statement-Case Management
Filed by Attorney for Plaintiff

**08/24/2005** Statement-Case Management
Filed by Attorney for Defendant

**08/18/2005** Amendment to Complaint (Global Real Estate Loans.com Doe 2 )

Filed by Attorney for Plaintiff

**08/18/2005** Amendment to Complaint (Gregoria Bustamante Doe 1 )
Filed by Attorney for Plaintiff

**07/25/2005** Miscellaneous-Other (Verification )
Filed by Attorney for Plaintiff

**07/11/2005** Ntc OSC failure to file P/S
Filed by Court

**06/02/2005** Answer to Complaint Filed
Filed by Attorney for Defendant

**04/20/2005** Summons Issued
Filed by Clerk

**04/20/2005** Notice-Case Management Conference
Filed by Clerk

**04/18/2005** Complaint Fld - No Summons Issued

**04/18/2005** Notice (Notice of Pendency of Action )
Filed by Attorney for Plaintiff

Click on any of the below link(s) to see documents filed on or before the date
indicated:
TOP   03/15/2007   12/08/2005

---

Case Information | Party Information | Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

Click on any of the below link(s) to see proceedings held on or before the date
indicated:
11/14/2007   9/6/2005

**02/18/2010** at 08:31 am in Department H, Minto, R. Bruce, Presiding
Motion Hearing (Assignment Order) - **Completed**

**05/19/2009** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Examination of Judgement Debtor (.RACHEL B ACUNATEL NTC BY MP ( MATHEW
VAN FLEET )) - **Matter Placed Off Calendar**

**10/14/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Order to Show Cause (.TRIAL) - **Matter Placed Off Calendar**

**09/18/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Order to Show Cause (CONT. FOR OSC/TRIAL 10-14-08) - **Matter continued**

**09/12/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Order (court's ruling on submitted matter) - **Completed**

**07/22/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Order to Show Cause (OSC RE ENTRY OF JUDGMENT) - **Matter continued**

**06/26/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Order to Show Cause (OSC RE ENTRY OF JUDGMENT) - **Matter continued**

**05/27/2008** at 10:15 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Completed**

**05/23/2008** at 10:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Half Day of Trial Held**

**05/22/2008** at 10:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Half Day of Trial Held**

**05/21/2008** at 10:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Half Day of Trial Held**

**05/20/2008** at 10:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Half Day of Trial Held**

**05/19/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Trial Trailed**

**05/05/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Matter continued**

**04/21/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Continued by Court**

**04/07/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause (OSC RE STRIKING ANSWER OF GLOBALREAL ESTATE AND
ENTERING THEIRDEFAULT IF NOT REPRESENTED BYCOUNSEL) - **Trial Trailed**

**02/25/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Matter continued**

**01/18/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Miscellaneous - **Completed**

**01/07/2008** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Trial continued**

**11/26/2007** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause ((3 DAY TIME ESTIMATE)) - **Trial Trailed**

Click on any of the below link(s) to see proceedings held on or before the date
indicated:
TOP   11/14/2007   9/6/2005

**11/14/2007** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Matter continued**

**11/13/2007** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Matter continued**

**10/22/2007** at 01:30 pm in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause - **Trial Trailed**

**10/15/2007** at 01:30 pm in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause (3 DAY ESTIMATE) - **Trial Trailed**

**10/09/2007** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Jury Trial - **Matter continued**

**10/01/2007** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Court Trial - Short Cause (C/F: 9-24-07 per stip and order) - **Trial Trailed**

**06/11/2007** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Jury Trial - **Matter continued**

**05/30/2007** at 09:00 am in Department H, Minto, R. Bruce, Presiding
Exparte proceeding - **Motion Denied**

**05/30/2007** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Final Status Conference - **Completed**

**05/22/2007** at 09:00 am in Department H, Minto, R. Bruce, Presiding
Exparte proceeding - **Motion Granted in Part**

**12/18/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Order to Show Cause (OSC RE FILING OF DISMISSALS AS TOREMAINING DEFTS.
ON COMPLAINT/X-COMP; OSC RE SUBMISSION OFDEFAULT JUDG. PACKET ON
DEFAULTINGDEFTS.) - **Completed**

**11/30/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Non Appearance (Case Review) (court review for determinationof good faith
settlement as todeft. Hacienda Escrow Corp.) - **Completed**

**10/23/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Order to Show Cause (OSC RE FILING DISM. AS TO ALLPARTIES ON X-COMP..OSC
RE FILING OF DEFAULT JUDGMENTPACKET ON DEFAULTING DEFTS.) - **Matter
continued**

**09/13/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Final Status Conference - **Matter Placed Off Calendar**

**09/01/2006** at 08:30 am in Department G, Khan, Abraham, Presiding
Exparte proceeding - **Motion Granted in Part**

**08/17/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Motion for Summary Adjudication - **Completed**

**08/08/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Motion for Summary Adjudication - **Motion Denied**

**05/11/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Motion to Compel (per request of moving party) - **Matter Placed Off Calendar**

**03/15/2006** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Trial Setting Conference - **Trial Set-No MSC**

**12/28/2005** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Conference-Case Management - **Completed**

**10/20/2005** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Conference-Case Management - **Matter continued**

Click on any of the below link(s) to see proceedings held on or before the date
indicated:
TOP   11/14/2007   9/6/2005

**09/06/2005** at 08:30 am in Department H, Minto, R. Bruce, Presiding
Conference-Case Management - **Matter continued**

Click on any of the below link(s) to see proceedings held on or before the date
indicated:
TOP   11/14/2007   9/6/2005

Case Information | Party Information | Documents Filed | Proceeding Information

**5**

1    Matthew Van Fleet, Esq. (Bar No. 227338)
     VAN FLEET LAW
2    9160 Irvine Center Drive, Suite 200
3    Irvine, California 92618
     T: (949) 769-3610 | F: (877) 769-3611
4    matthew@vanfleetesq.com

5    Attorney for Mario Castillo

6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                        LOS ANGELES DIVISION

10

11   In re:                                  Case No. 8:10-bk-25641-VZ

12   EDDIE G ACUNA, JR and RACHEL O          Adv. No. 8:10-ap-_____.
     ACUNA,
                                             Chapter 7 Proceeding
13              Debtors.
                                             **COMPLAINT TO DETERMINE NON-**
14   MARIO CASTILLO                          **DISCHARGEABILITY OF DEBT PURSUANT**
                                             **TO 11 U.S.C. §523 AND FEDERAL RULE OF**
15              Plaintiff,                   **BANKRUPTCY PROCEDURE 4007**

16   VS.

17   EDDIE G ACUNA, JR and RACHEL O
     ACUNA
18              Defendants.

19

20

21

22

23

24

25

26

27

28

                                                              Adversary Complaint

1    Mario Castillo ("Castillo"), by and through his counsel, set forth the following Complaint

2    for determination of non-dischargeability against Eddie G Acuna Jr. and Rachel O Acuna

3    ("Debtor's") pursuant to Section 523 of Title 11 of the United States Code and Federal Rules of

4    Bankruptcy Procedure 4007.

5                          **JURISDICTION AND VENUE**

6        1.    This proceeding arises in the chapter 7 bankruptcy case of *In Re* Eddie G. Acuna,

7    Jr. and Rachel O. Acuna, Bankruptcy Case No. 2:10-bk-25641-VZ, (the "Chapter 7 Case") which

8    was filed in this court April 22, 2010, and the claims for relief alleged by Castillo arise, in part,

9    under 11 U.S.C. § 523. This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§

10   1334 and 157, and the General Reference Order of the United States District Court for the Central

11   District of California, No. 266, effective as amended on February 13, 1995.

12       2.    Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1409

13   because the Debtors' Chapter 7 Case is pending in the United States Bankruptcy Court for Central

14   District of California, Los Angeles Division (the "Bankruptcy Court").

15                                **PARTIES**

16       3.    The Debtors filed a petition under Chapter 7 of the United States Bankruptcy Code

17   on April 22, 2010.

18       4.    The address listed in the Debtors' Chapter 7 petition is 667 Rancho Los Nogales

19   Dr., Covina, CA 91724.

20       5.    Rachel O. Acuna's ("Acuna") acts are the basis of this action for non-

21   dischargeability. Debtors are married to one another and have filed Bankruptcy jointly and have

22   jointly listed the debt owed to Castillo in an attempt to discharge it. As Rachel Acuna's spouse,

23   Eddie G Acuna is liable for debts Rachel Acuna has incurred. Because of the Debtors' joint

24   liability for Castillo's debt and because Debtors have listed the debt owed to Castillo as

25   dischargeable in their joint Bankruptcy petition, Castillo has filed suit against both Debtors.

26   Although the allegations of this complaint address Acuna's actions, Castillo asks the Court to find

27   the debt non-dischargeable and enforceable against both Debtors.

28

-2-

## STATEMENT OF FACTS

6.    A Deed of Trust, forged by Acuna with Castillo's signature, was recorded in July of 2002 for property located at 627 Cederglen, in the city of Azusa.

7.    On or around October 15, 2003, a Grant Deed, again forged by Acuna, was recorded, thereby transferring 627 Cedarglen to a third party, Gregoria Bustamante ("Gregoria").

8.    Castillo was not aware of this transaction.

9.    In March of 2004, a deed, purportedly signed by Gregoria on October 16, 2003, was recorded which transferred title to the subject property from Gregoria back to Castillo. Again, Castillo was not aware of this transaction.

10.    Then, in June of 2004, unbeknownst to Castillo, Acuna once again forged Castillo's signature on a Grant Deed, thereby passing title to Limit Properties, LLC, a third party purchaser ("Limit").

11.    A review of the escrow file indicates at least 25 documents were forged by Acuna, with Castillo's signature, which not only passed title of the property to Limit, but diverted all of the equity proceeds to Gregoria.

12.    Castillo never authorized this conveyance, had no idea it was happening and received no funds from the transaction.

13.    Judgment was entered against Acuna on December 10, 2008 in the amount of $273,953.02. (See Exhibit 1).

14.    In its Memorandum of Decision upon which the judgment against Acuna was based, the Court found on the issue of whether Acuna actually forged these documents in question that by a "preponderance of evidence …Ms. Acuna by her hand placed what was purported to be the signature of Castillo on the documents in question". (See Exhibit 2).

15.    The Superior Court's finding supports this action for non-dischargeability of the debt owed Castillo since by a preponderance of the evidence the finder of fact determined Acuna forged Castillo's signature.

-3-

1              **FIRST CLAIM FOR RELIEF**

2              **(Exception from Discharge -11 U.S.C. § 523(a)(2)(A))**

3       16.      While acting as Castillo's fiduciary, Acuna deceived Castillo by not disclosing she

4    had forged his signatures on over 25 documents to fraudulently transfer property from Castillo

5    without his knowledge and consent.

6       17.      Acuna knew she was deceiving Castillo when she forged his signature by not

7    informing him she was forging his signature.

8       18.      Acuna forged Castillo's signature for the purpose of deceiving Castillo.

9       19.      Castillo justifiably relied on his belief his signature was not being forged.

10      20.      As a result, Castillo sustained losses as a proximate result of Acuna's forgery.

11              **SECOND CLAIM FOR RELIEF**

12              **(Exception from Discharge -11 U.S.C. § 523(a)(4))**

13      21.      Castillo realleges and incorporates by reference paragraphs 1 through 20, inclusive,

14   as though fully set forth herein.

15      22.      Acuna was Castillo's real estate agent and broker and owed Castillo an obligation

16   of undivided service and loyalty.

17      23.      Acuna treated Castillo as her client for real estate purposes and acted as Castillo's

18   agent and brokers on the subject real estate deal and is therefore estopped from asserting she was

19   not Castillo's real estate agent and broker and is estopped from denying she was Castillo's

20   fiduciary.

21      24.      While acting as Castillo's fiduciary Acuna deceived Castillo by not disclosing she

22   forged his signatures on over 25 documents to fraudulently transfer property from Castillo without

23   his knowledge and consent.

24      25.      Acuna knew she was deceiving Castillo when she forged his signature by not

25   informing her she was forging his signature.

26      26.      Acuna forged Castillo's signature for the purpose of deceiving Castillo.

27      27.      The Castillo justifiable relied on his belief his signature was not being forged.

28      28.      As a result Castillo sustained losses as a proximate result of Acuna's forgery.

-4-

1                          **THIRD CLAIM FOR RELIEF**

2                    **(Exception from Discharge -11 U.S.C. § 523(a)(6))**

3          29.     Castillo realleges and incorporates by reference paragraphs 1 through 29, inclusive,

4    as though fully set forth herein.

5          30.     Acuna committed a wrongful and intentional act which caused the Castillo injury.

6          31.     Acuna's acts were without just cause or excuse.

7          32.     Acuna acted with intent to cause injury or she believed that injury was substantially

8    certain to occur as a result of her conduct.

9          33.     Acuna's conduct constitutes a non-dischargeable debt for willful and malicious

10   injury pursuant to 11 U.S.C. §523(a)(6).

11         **PRAYER FOR RELIEF WHEREFORE,** Castillo prays for judgment as follows on the

12   First Claim for Relief:

13         1.      An award that all damages suffered, in amount according to proof, are deemed non-

14   dischargeable;

15         2.      For an award of the fees and costs incurred herein; and

16         3.      For such other and further relief as the Court deems just and proper.

17

18   Dated: July 13, 2010                       **VAN FLEET LAW**

19
                                                By: */s/ Matthew Van Fleet*
20                                                    Matthew Van Fleet
21                                              Counsel for Castillo, Mario Castillo

22

23

24

25

26

27

28

                                                -5-

# EXHIBIT 1

1  Matthew Van Fleet, Esq. (Bar No. 227338)
   LAW OFFICE OF MATTHEW VAN FLEET
2  9160 Irvine Center Drive, Suite 200
   Irvine, California 92618
3  T: (949) 769-3610 | F: (877) 769-3611
   matthew@vanfleetesq.com
4
   Attorneys for Plaintiff Mario Castillo
5

**ORIGINAL FILED**

DEC 1 0 2008

**LOS ANGELES
SUPERIOR COURT**

6

7

8              SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF LOS ANGELES – POMONA

10

11  Mario Castillo, an individual          Case No. KC046034
                Plaintiff,
12                                          Assigned For All Purposes To
        vs.                                Hon. R. Bruce Minto
13                                         Dept. H
    RODRIGO ERNESTO BUSTAMANTE, an
14  individual, GREGORIA BUSTAMANTE,       [~~PROPOSED~~] JUDGMENT
    an individual, GLOBAL REAL ESTATE
15  LOANS.COM, a California Corporation,
    RACHEL ACUNA, an individual, and
16  DOES 5 through 50, inclusive,
17
                Defendants.
18

19      This matter was tried before the Court between May 20 and May 27, 2008 and submitted.

20  The default prove-up as to Defendant Rodrigo Ernesto Bustamante was done concurrently with

21  the contested trial between Plaintiff Mario Castillo and Global Real Estate Loans.com.

22      After submission, on September 12, 2008 the Court found and ruled Defendant Rodrigo

23  Ernesto Bustamante, Defendant Rachel Acuna and Defendant Global Real Estate Loans.com

24  jointly and severally liable for the damages. The net judgment Defendants are responsible for is

25  $524,066. Defendants are entitled to an offset for amounts paid by other Defendants in the

26  amount of $286,112.98, leaving a total net judgment in favor of Plaintiff, Mario Castillo, and

27  against Defendants Rodrigo Ernesto Bustamante, Rachel Acuna and Global Real Estate

28  Loans.com in the amount of $273,953.02. Additionally, the Court found Defendant Rodrigo

1 | Ernesto Bustamante liable for punitive damages. Still further, Plaintiff Mario Castillo is entitled

2 | to his costs herein, to be established by a cost bill.

3 |

4 | THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED that Plaintiff, Mario Castillo

5 | have judgment, jointly and severally, against Defendants Rodrigo Ernesto Bustamante, Rachel

6 | Acuna and Global Real Estate Loans.com in the amount of $524,066 less an offset of

7 | $286,112.98, for a total net judgment of $273,953.02,

8 | DATED: 10/10/08

9 | HONORABLE R. BRUCE MINTO
      Judge of the Superior Court
10 | of California, County of Los Angeles

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## PROOF OF SERVICE

I am over 18 years of age and not a party to this action. My business address is 660 Newport Center Dr., Suite 400, Newport Beach, California 92660.

On November 3, 2008, I served the foregoing [PROPOSED] ~~Order~~ Judgment in the manner below:

| Mark O'Brien<br>50 W, Lemon Ave #29<br>Monrovia, California 91016 | Counsel for Defendants Global Real Estate Loans.Com and Rachel Acuna |
| --- | --- |

☒    U.S. MAIL: I deposited the documents with the U.S. Postal Service, postage prepaid, in Newport Beach, California.

☐    OVERNIGHT CARRIER: I delivered the documents, fare prepaid, to a carrier authorized to receive and transport documents for overnight delivery.

☐    ELECTRONIC TRANSMISSION: By court order or agreement of the parties, I transmitted scanned copies of the documents by email or facsimile. The transmission was complete and without error.

☐    PERSONAL DELIVERY: I delivered the documents to a courier authorized to transport documents for personal delivery.

I verify this service under California's penalty of perjury on November 14, 2008 in Irvine, California.

Matthew Van Fleet

# EXHIBIT 2

1              **MEMORANDUM OF DECISION**          ORIGINAL FILED

2                **ON SUBMITTED MATTER**              SEP 1 2 2008

3              **DEPT. H, POMONA SOUTH**           LOS ANGELES
                                                  SUPERIOR COURT

4

5    **CASE NAME:** Mario Castillo vs. Rachel Acuna and Global Real Estate

6    Loans.Com

7    **CASE NUMBER:** KC 046034 H

8    **TYPE OF MOTION / HEARING:** Court Trial

9    **DATE OF LAST HEARING / SUBMISSION:** May 27, 2008

10   _____

11         This matter was tried before the court between May 20 and 27, 2008,

12   and submitted. The default prove-up as to Defendant Ernesto or Ernie

13   Bustamonte was done concurrently with the contested trial between Plaintiff

14   and Defendants Rachel Acuna and Global Real Estate Loans.com.

15         Although formal findings of fact and law were not requested by either

16   side, the court now rules and makes the following findings:

17         It was the position of both sides that the burden of proof should be

18   "preponderance of evidence" as to all causes of action and claims. This was

19   the standard the court applied, except as to the first cause of action for fraud

1

Case 2:10-ap-02257-VZ    Doc 10    Filed 03/29/11    Entered 03/29/11 15:12:25    Desc
Main Document        Page 66 of 94
Case 2:10-ap-02257-VZ    Doc 1    Filed 07/13/10    Entered 07/13/10 13:14:10    Desc
Main Document        Page 12 of 24

1

1    and conspiracy to commit fraud, for which the "clear and convincing

2    evidence" standard was used.

3         As to Plaintiff's claim for punitive damages against all defendants, the

4    parties further agree that the burden is on Plaintiff to show by clear and

5    convincing evidence that Defendants acted with the requisite malice, fraud,

6    or oppression. The parties stipulated to a bifurcated trial on the appropriate

7    amount of punitive damages, to be scheduled if malice, fraud or oppression

8    was found.

9         It is undisputed that Defendant Acuna was at all relevant times an

10    officer, shareholder, and director of Defendant Global. It is also undisputed

11    that at the time of the transactions in question, she was not a licensed broker,

12    and was not the managing broker of Defendant Global. The evidence also

13    establishes that at all relevant times Defendant Global was also doing

14    business as Global, Global Real Estate Sales.com, and Security Financial.

15         The critical disputed question of fact tried to the court was whether

16    Defendant Acuna actually forged the documents in question. On this issue,

17    the court finds the preponderance of evidence is that Ms. Acuna by her hand

18    placed what was purported to be the signature of Plaintiff on the documents

19    in question. This finding is based primarily on weighing the conflicting

20    expert opinions. While the finding herein is not limited to this particular

2

1    evidence, the court found it important that Plaintiff's expert opined it was

2    highly probable that Ms. Acuna signed all the documents in question.

3    Defendants' expert agreed the same person signed all the questioned

4    documents, but disagreed with the opinion that the signatures were done by

5    the hand of Ms. Acuna. Defendants' expert, however, could not include or

6    exclude Ms. Acuna as being the forger, primarily based on the belief that a

7    meaningful comparison of printing versus handwriting could not be made.

8    Neither expert offered any opinions as to whether the questioned signatures

9    were or were not forged by other possible suspects, like Mr. Bustamonte, the

10   escrow officer, or the notary. In deciding the forgery question, the court

11   declined Defense Counsel's suggestion that it make its own non-expert

12   comparisons of Defendant Acuna's or Bustamonte's handwriting exemplars

13   with the signatures on the forged documents.

14       In addition to weighing the testimony of the experts, the court has

15   considered the testimony of the other witnesses, including Plaintiff and

16   Defendant Acuna. While she denies any knowledge or involvement in the

17   fraud perpetrated, there are just too many unanswered irregularities and

18   uncorroborated statements to make her denials more believable than the

19   evidence presented on the Plaintiff's side. There is no documentation or

20   corroboration of the substantial loan Ms. Acuna, through her mother,

3

1    allegedly made to Mr. Bustamonte. Similarly, Mr. Starr, the president of

2    Security Financial, another dba of Defendant Global, received $56,000 from

3    escrow, with no substantiation of having loaned money to Mr. Bustamonte.

4    Although on the MLS, no listing file was found or presented into evidence.

5    There was no plausible explanation as to why no deed of trust was ever

6    recorded on the loan from Defendant Acuna, or why no demand for payment

7    was made through escrow, especially given the number of other demands for

8    payment of lesser amounts made. There was no plausible explanation as to

9    why Defendants Global or Acuna would not have received a commission, or

10   why Defendant Acuna would do the work she admitted to doing on the file if

11   it was not her listing and no commission was expected.

12       Undoubtedly, the period in question, was a hectic and crazy time for

13   the real estate industry, but the number and magnitude of irregularities in the

14   fraudulent transfer and sale of the property in question, with no acceptable

15   explanation, casts suspicion on the real estate professionals involved.

16   Nevertheless, on the evidence presented, the court cannot find the same facts

17   are established to the higher standard of "clear and convincing evidence" as

18   to Defendants Global and Acuna. As to Defendant Bustamonte, the higher

19   standard of proof is met. The implications of this distinction will be

20   discussed later.

4

1    As the evidence also shows that Ms. Acuna was a shareholder, officer,

2    and director of Defendant Global, and that she was acting at all times within

3    the scope of those roles, Defendant Global is responsible for her actions.

4    There was no evidence presented or contention made that she ever acted

5    outside the scope of her employment.

6    Therefore, independent and aside from the question of who actually

7    executed the documents, the court finds liability of Defendants Acuna and

8    Global for negligence and breach of duties owed to Plaintiff for the

9    following:

10    (a) The failure to supervise Defendant Bustamonte. No

11    evidence was presented as to any oversight of the activities of Mr.

12    Bustamonte. He apparently had the run of the Global office, and

13    acted as a salesperson, although not licensed during the events in

14    question;

15    (b) The failure to maintain reasonable security over password

16    access to the MLS. If Ms. Acuna personally or through her assistant

17    didn't list the property in question, as she testified, then Mr.

18    Bustamonte or someone else was apparently able to do so by use of

19    Ms. Acuna's confidential access code.

5

1          ( c) the failure to make a reasonable investigation or take other

2     appropriate steps, including notifying the supervising broker, once

3     Ms. Acuna became aware that the property had somehow been listed

4     using her confidential access code. Instead, Ms. Acuna facilitated the

5     completion of the sale by communication with the escrow officer and

6     selling agent.

7          (d) Allowing Mr. Bustamonte to hold himself out to the public

8     as a licensed agent by doing acts only authorized by licensed agents,

9     with actual and constructive knowledge that he was doing so.

10    Defendant Global is responsible for the numerous actions of

11    Defendant Bustamonte as its ostensible agent, including his failure to

12    disclose to and communicate with Plaintiff as the legitimate owner of

13    the property the fact the property was listed, the material terms of the

14    offer and subsequent contract for the sale of the property, the forged

15    deeds and other documents being used to perpetrate the fraud, and the

16    disbursements of funds from escrow.

17    Performance of any of the acts above within the standard of care for a

18    real estate sales agent and real estate office would have led to the discovery

19    of the fraud before close of escrow, and probably prevented its

20    consummation and consequential damages. The court finds the

6

1   preponderance of evidence is that the absence of having some reasonable

2   controls in place and reasonable supervision of Mr. Bustamonte were

3   substantial factors in causing the damages suffered by Plaintiff.

4        Regarding Defendant Global, there was also no evidence the

5   responsible broker was supervising either Defendant Acuna or Defendant

6   Bustamonte, or otherwise met the standard of care for a supervising broker.

7        Accordingly, the court finds for the Plaintiff and against Defendants

8   on the causes of action of the Third Amended Complaint ("TAC") as

9   follows:

10       On the First Cause of Action for Fraud and Conspiracy to Commit

11  Fraud, judgment is for Defendants Acuna and Global and against Defendant

12  Bustamonte. Plaintiff did not meet her burden of establishing this cause of

13  action by clear and convincing evidence as to Defendants Acuna and Global.

14  To cover the contingency that the court is wrong in applying the higher

15  burden of proof to this cause of action, the court finds that if the

16  "preponderance of evidence" burden were used, judgment would be for

17  Plaintiff against all Defendants on this cause of action. As to the conspiracy

18  to commit fraud allegation, and if the burden of proof should be

19  "preponderance of evidence", once the court found that Ms. Acuna actually

7

1    forged the documents in question, the conclusion is inescapable that she also

2    conspired with Defendant Bustamonte to perpetrate the fraud on Plaintiff.

3          On the Second Cause of Action for Negligent Misrepresentation,

4    judgment is for Plaintiff and against Defendants Bustamonte and Global.

5    The court does not find any affirmative, express representations to Plaintiff

6    by Defendants, but does find a failure to disclose material matters in

7    violation of duties to disclose by these defendants. Defendant Acuna is not a

8    defendant on this cause of action.

9          On the Third Cause of Action for Negligence, judgment is for Plaintiff

10   and against all three defendants.

11         On the Fourth Cause of Action for Intentional Interference with

12   Prospective Economic Advantage, judgment is for Plaintiff against all three

13   defendants. Plaintiff established a reasonable certainty of income from the

14   property that was lost due to Defendants' actions or inaction.

15         On the Fifth Cause of Action for Negligent Interference with

16   Economic Advantage, judgment is for Plaintiff against all three defendants.

17         On the Sixth Cause of Action for False Certificate of Authentication

18   (slander of title), judgment is in favor of Plaintiff against all three

19   defendants.

8

1    On the Ninth Cause of Action for Alter Ego, judgment is for

2    Defendant Acuna. Plaintiff did not sufficiently establish that Defendant

3    Acuna is the alter ego of Defendant Global.

4    No findings are made or judgment entered on the Seventh and Eighth

5    Causes of Action for Quiet Title and Slander of Title, which were alleged

6    against other defendants no longer parties in the case.

7    The court attributes no comparative fault to Plaintiff.

8    The court sets compensatory damages as follows: Plaintiff has

9    already recovered from three other defendants $395,000, which they allocate

10   as $109,000 for attorney fees and costs and $286,112.98 as unspecified

11   compensatory damages. There was no other evidence regarding attorney

12   fees incurred in the case, and no evidence regarding an appropriate

13   allocation of fees incurred attributable to various defendants or causes of

14   action, or in pursuing tort claims versus contractual or quiet title claims, etc.

15   Therefore, other than the $109,000 already paid by other defendants, no

16   additional attorney fee damages against the defendants in the trial are

17   awarded.

18   It is appropriate to award Plaintiff "benefit of the bargain" damages.

19   The court adopts Plaintiff's expert's opinion that in 2007 the property was

20   worth $680,000. This is the closest evidence presented as to what the

9

1    property was worth at the time of trial. This figure is also consistent with

2    the amount Plaintiff accepted to settle with the other three defendants of

3    $395,000, which with the loan balance of $287,850, comes to a total of

4    $682,850. Deducting the loan amount was $287,850, Plaintiff would have

5    had net equity, exclusive of selling fees and costs, of $392,150, which the

6    court sets as "benefit of the bargain" damages.

7         Defendants' argue that the property should be valued when the initial

8    fraudulent deed was recorded in 2002, or when the fraudulent sale was

9    consummated in June 2004. However, there is no evidence Plaintiff ever

10   wanted to sell the property, and given the court's findings, it is more

11   appropriate to use the higher value Plaintiff presented than the lower values

12   at the time the fraud was initiated or consummated.

13        The court also awards damages for loss of income from the property.

14   Plaintiff's evidence on this issue was gross rents would have been $164,400,

15   and gross operating expenses would have been $132,480. Based on these

16   figures, damages for lost rents are awarded in the amount of $31,916.

17        The court sets damages for Plaintiff's emotional distress in the amount

18   of $100,000. The stress, anxiety, worry, etc., of what probably appeared like

19   the total loss of a substantial asset, undoubtedly caused the physical and

20   emotional conditions Plaintiff testified to. However, absent evidence of any

10

1    medical or psychological bills or expert testimony, the court sets the

2    emotional distress damages at $100,000.

3        The court finds Defendants Bustamonte, Acuna, and Global jointly

4    and severally liable for the damages. Therefore, the net judgment each is

5    responsible for is $31,916, plus $392,150, plus $100,000, for a total of

6    $524,066. Defendants are entitled to the offset for amounts paid by other

7    defendants for damages other than attorney fees of $286,112.98, leaving a

8    net judgment in favor of Plaintiff and against Defendants Bustamonte,

9    Acuna and Global of $273,953.02.

10        Regarding punitive damages, the burden of proof Plaintiff must meet

11    is that of "clear and convincing evidence". As to Defendant Bustamonte, the

12    court finds that he acted with malice and fraud, and the further trial or prove

13    up on the amount of punitive damages against Defendant Bustamonte is set

14    below. Plaintiff's counsel is reminded that the court can only set punitive

15    damages, other than nominal, based on evidence of that defendant's wealth

16    or net worth.

17        As discussed above, although the court found for Plaintiff and against

18    Defendants Acuna and Global on most issues, these same facts were not

19    established to the degree of being "clear and convincing". Therefore, the

20    court does not find to the requisite degree of proof that defendants Acuna or

11

1   Global acted with malice, fraud, or oppression. The same contingent

2   findings are made as to these defendants if the correct burden of proof

3   should have been a "preponderance of the evidence".

4        As the prevailing party, Plaintiff is entitled to her costs herein, to be

5   established by cost bill to be filed after entry of the formal judgment.

6        The court anticipates there will be one judgment entered covering all

7   parties and causes of action once the punitive damage phase as to Defendant

8   Bustamonte is completed. The trial/prove up to set punitive damages as to

9   Defendant Bustamonte is set for October 13, 2008, 830 a. m.. If Plaintiff

10  elects to not proceed with that portion of the trial, that date will be an OSC

11  regarding the status of entering the judgment as to all defendants. Plaintiff's

12  counsel to submit a proposed judgment after giving defense counsel an

13  opportunity to approve the form and content, in accordance with local and

14  state rules.

15       The clerk is requested to enter a minute order according to and

16  incorporating the ruling herein, and to serve the minute order, along with a

17  copy of this Memorandum of Decision, on all counsel.

18

19  DATE: September 12, 2008  BY:  _R. Bruce Minto_

20                                   **Hon. R. Bruce Minto**


12

FORM B104 (08/07)                                                                                                2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Mario Castillo | DEFENDANTS<br>EDDIE G ACUNA, JR and RACHEL O ACUNA, Pro Se |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Matthew Van Fleet, Van Fleet Law<br>9160 Irvine Center Drive, Suite 200<br>Irvine, CA 92618 (949) 769-3610 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin | ☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin |
| ☑ Creditor     ☐ Other | ☐ Creditor     ☐ Other |
| ☐ Trustee | ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523 AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 4007

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☒ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 273,953.03 |

Other Relief Sought
Fees, Interests and Costs, and any other further relief that the Court deems just and proper.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Matthew Van Fleet, Esq. State Bar No. 227338<br>Van Fleet Law<br>9160 Irvine Center Drive, Suite 200<br>Irvine, CA 92618<br>Telephone: (949) 769-3610<br>Facsimile: (877) 769-3611<br>matthew@vanfleetesq.com<br><br>Attorney for Plaintiff Marlo Castillo | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>Eddie G. Acuna, Jr., and Rachel O. Acuna<br><br><br>Debtor. | CHAPTER  7<br><br>CASE NUMBER  8:10-bk-25641-VZ<br><br>ADVERSARY NUMBER  8:10-ap- |
| Marlo Castillo<br>                                   Plaintiff(s),<br><br>                    vs.<br><br>Eddie G. Acuna, Jr., and Rachel O. Acuna<br>                                   Defendant(s). | (The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)<br><br>## SUMMONS AND NOTICE OF STATUS CONFERENCE |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒  255 East Temple Street, Los Angeles | | ☐  411 West Fourth Street, Santa Ana | |
| ☐  21041 Burbank Boulevard, Woodland Hills | | ☐  1415 State Street, Santa Barbara | |
| ☐  3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
           Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1   Matthew Van Fleet, Esq. (Bar No. 227338)
    VAN FLEET LAW, APLC
2   9160 Irvine Center Drive, Suite 200
    Irvine, California 92618
3   T: (949) 769-3610 | F: (877) 769-3611
    matthew@vanfleetesq.com
4
    Attorney for Plaintiff Mario Castillo
5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        LOS ANGELES DIVISION

11

| 12 | In re: | Case No. 2:10-bk-25641-vz |
|---|---|---|
| 13 | EDDIE G. ACUNA, JR and RACHEL O. ACUNA, | Adv. No. 2:10-ap-02257-vz |
| 14 | | Chapter 7 Proceeding |
| 15 | Debtors. | STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW |
| 16 | MARIO CASTILLO | |
| 17 | Plaintiff, | |
| 18 | VS. | Date:    May 12, 2011<br>Time:    11:00 am<br>Dept:    Courtroom 1368 |
| 19 | EDDIE G. ACUNA, JR and RACHEL O. ACUNA | |
| 20 | | |
| 21 | Defendants. | |

22          After consideration of the papers in support of and in opposition to plaintiff's motion for

23   summary judgment and the oral argument of counsel, the Court determines that the following

24   facts have been established as, UNCONTROVERTED FACTS

25

| 26 | FACTS: | SUPPORTING EVIDENCE: |
|---|---|---|
| 27 | 1. Plaintiff Mario Castillo ("Plaintiff") filed suit in Los Angeles Superior Court against Defendant Rachel Acuna ("Defendant") alleging fraud. | Third Amended Complaint - Exhibit 1, ¶¶ 37-55. |
| 28 | | |

| 2. The basis of Plaintiff's claim of fraud against Defendant was Defendant forged Plaintiff's signature on documents in a conspiracy to dispossess him of his real property and equity. | Third Amended Complaint - Exhibit 1, ¶¶ 37-52. |
|---|---|
| 3. A contested trial between Plaintiff and Defendant regarding the fraud claim was tried before the Hon. R. Bruce Minto in Los Angeles Superior Court. | Memorandum of Decision-Exhibit 2, P.1; ll.11-14. |
| 4. After trial, after the matter was submitted and after deliberation, Judge Minto found by a preponderance of the evidence Defendant had forged the documents in question and by a preponderance of the evidence found Defendant was guilty of fraud. | Memorandum of Decision-Exhibit 2, P.7-8;ll.10-2. |
| 6. Judge Minto found Acuna jointly and severally liable for damages, in the amount of $273,953.02. | Memorandum of Decision-Exhibit 2, P. 11; ll.6-9. |
| 7. Judgment was entered against Defendant in the amount of $273,953.02 December 10, 2008. | Judgment-Exhibit 3. |
| Defendant did not dispute of appeal the Superior Court's decision. | Case Summary – Exhibit 4. |
| Plaintiff's allegations in the Superior Court matter are identical to his allegations in the present matter. | Third Amended Complaint - Exhibit 1, ¶¶ 37-52.; Complaint, P.3;ll.2-15 – Exhibit 5. |

Based upon the foregoing Uncontroverted Facts, the Court now makes its conclusion of law, as to the following:

1.      The issue of whether Defendant Rachel O. Acuna committed fraud by a preponderance of the evidence was fully litigated in Superior Court.

2.      Defendant Rachel O. Acuna was a party to the Superior Court action and participated in trial in defense of the claim she committed fraud.

3.      The Superior Court came to a decision with respect to the issue of whether Defendant Rachel O. Acuna committed fraud by a preponderance of the evidence.

4.      Upon the Superior Court's findings Judgment was entered in favor of Plaintiff Mario Castillo.

5.      Under collateral estoppel principles, Defendant Rachel O. Acuna is precluded from litigating the issue of whether, by a preponderance of the evidence, she committed fraud in the present action.

1    6.    The issue of Defendant Rachel O. Acuna committing fraud beyond a

2  preponderance of the evidence, already having been proven, the Court determines that the debt

3  which is the subject of the present lawsuit is non-dischargeable.

4    7.    Judgment shall be entered in Plaintiff Mario Castillo's favor consistent herewith.

5

6    Dated:    _____

7                United States Bankruptcy Judge Vincent P.
            Zurzolo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  | Matthew Van Fleet, Esq. (Bar No. 227338)
   | VAN FLEET LAW, APLC
2  | 9160 Irvine Center Drive, Suite 200
   | Irvine, California 92618
3  | T: (949) 769-3610 | F: (877) 769-3611
   | matthew@vanfleetesq.com
4  |
5  | Attorney for Plaintiff Mario Castillo

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

12  | In re:                              | Case No. 2:10-bk-25641-vz
13  | EDDIE G. ACUNA, JR and RACHEL O.    | Adv. No. 2:10-ap-02257-vz
14  | ACUNA,                              | Chapter 7 Proceeding
15  |              Debtors.               | MEMORANDUM OF POINTS AND
16  | MARIO CASTILLO                      | AUTHORITIES IN SUPPORT OF MOTION
    |              Plaintiff,             | FOR SUMMARY JUDGMENT
17  |
18  | VS.                                 | Date:    May 12, 2011
    |                                     | Time:    11:00 am
19  | EDDIE G. ACUNA, JR and RACHEL O.    | Dept:    Courtroom 1368
    | ACUNA
20  |
    |              Defendants.
21  |
22  |

## I.

## <u>INTRODUCTION</u>

The debt which defendants Eddie G. Acuna, Jr. and Rachel O. Acuna ("Defendants") seek to

discharge is a judgment which was entered against Defendant Rachel O. Acuna ("Defendant")

1    after a Los Angeles County Superior Court ("the Superior Court") trial, in the matter numbered

2    KC046034. In that matter Plaintiff Mario Castillo ("Plaintiff") alleged that on October 15, 2003

3    Defendant forged a Grant Deed, thereby transferring Plaintiff's real property to a third party,

4    Gregoria Bustamante ("Gregoria"). Plaintiff further alleged that in June of 2004, Defendant

5    once again forged Plaintiff's signature on a Grant Deed, thereby passing title to Limit Properties,

6    LLC, a third party purchaser ("Limit"). Still further, Plaintiff alleged Defendant forged his

7    signature on at least 25 escrow documents thereby diverting all of the equity proceeds to

8    Gregoria.

9    After trial, the Superior Court found by a preponderance of the evidence, Defendant had

10   indeed committed fraud and found Defendant jointly and severally liable to Plaintiff in the

11   amount of $273,953.02. The Superior Court refrained from levying punitive damages against

12   Defendant, stating that it could not find by the requisite *clear and convincing* standard Defendant

13   had committed fraud. However, the Superior Court made it clear, as stated in its Memorandum

14   of Decision, that had the standard of proof been *preponderance of the evidence,* it would have

15   found Defendant guilty of fraud.

16   Now, Defendants seek to have the judgment debt discharged. However, this Court is

17   required to give full-faith and credit to the Superior Court's decision. The burden of proof for

18   this Court to apply for non-dischargeability is preponderance of the evidence, the same standard

19   under which the Superior Court already found Defendant liable for fraud. In sum, the issue of

20   whether Defendant committed fraud has already been determined and she is estopped from re-

21   litigating the issue. Therefore, this Court should deem the judgment debt owed to Plaintiff is

22   non-dischargeable.

23                                              **II.**

24                                    **STATEMENT OF FACTS**

25

26   1.      Plaintiff filed a complaint in Los Angeles Superior Court alleging Defendant had

27   committed fraud, thereby damaging him, as evidenced in the Third Amended Complaint attached

28   at Exhibit 1, ¶¶ 37-55.

VAN FLEET LAW, APLC
9160 Irvine Ctr Drive
Suite 200
Irvine, CA 92618

-2-

1    2.    The basis of Plaintiff's claim of fraud against Defendant was Defendant forged

2    his signature on documents in a conspiracy to dispossess him of his real property and equity, as

3    evidenced in the Third Amended Complaint attached at Exhibit 1, ¶¶ 37-52.

4    3.    A contested trial between Plaintiff and Defendant regarding the fraud claim was

5    tried before the Hon. R. Bruce Minto in Los Angeles Superior Court, as evidenced in the

6    Memorandum of Decision attached at Exhibit 2, P.1; ll.11-14.

7    4.    The critical issue before Judge Minto was whether Defendant actually forged

8    documents thereby damaging Castillo. *See* Exhibit 2, P. 2; ll.15-16.

9    5.    After trial, after the matter was submitted and after deliberation Judge Minto

10    found by a preponderance of the evidence Defendant had forged the documents in question and

11    by a preponderance of the evidence found Defendant was guilty of fraud as alleged in Plaintiff's

12    complaint as evidenced in the Memorandum of Decision attached at Exhibit 2, P. 2; ll.16-19 and

13    P.7-8;ll.10-2.

14    6.    Judge Minto found Defendant jointly and severally liable for damages, in the

15    amount of $273,953.02 as evidenced in the Memorandum of Decision attached at Exhibit 2,

16    P.11; ll.6-9.

17    7.    Judgment was entered against Defendant in the amount of $273,953.02 on

18    December 10, 2008 as evidenced in the Judgment attached at Exhibit 3.

19    8.    Defendant did not dispute or appeal the Superior Court's decision as evidenced by

20    the Case Summary attached at Exhibit 4.

21    9.    Plaintiff's allegations in the Superior Court matter are identical to the his

22    allegations in the present matter as evidenced by the Third Amended Complaint attached at

23    (Exhibit 1) compared to the Complaint filed in this matter attached at Exhibit 5, P.3;ll.2-15.

24

25    **III.**

26    **MEMORANDUM OF POINTS AND AUTHORITIES**

27

28

-3-

Memorandum of Points and Authorities

1    **1. THIS COURT IS REQUIRED TO GIVE 'FULL FAITH AND CREDIT' TO THE**
2    **STATE COURT'S DECISION.**

3

4    State court judgments are entitled to "full faith and credit" in federal court (see 28 USC §

5    1738). This "requires that federal courts give the state court's resolution of the res judicata issue

6    the same preclusive effect it would have had in another court of the same state." *Parsons Steel,*

7    *Inc. v. First Alabama Bank* (1986) 474 US 518, 525, 106 S.Ct. 768, 772–773. As above-

8    mentioned, the Superior Court has already made a determination with respect to the issue of

9    whether Defendant committed fraud. *See Memo of Dec.-Exh.2, P.7-8; ll.10-2.* This Court must

10    afford the State Court's decision full faith and credit.

11

12    **2. PLAINTIFF MET HIS BURDEN OF PROVING HIS CLAIM BY A**
13    **PREPONDERANCE OF THE EVIDENCE AND THEREFORE THE SUBJECT**
14    **DEBT IS NON-DISCHARGEABLE.**

15

16    A creditor seeking to hold a particular debt non-dischargeable has the burden of proving its

17    claim by a preponderance of the evidence. *See Grogan v. Garner* (1991) 498 US 279, 289, 111

18    S.Ct. 654, 661. Here, Plaintiff has asserted the subject debt is non-dischargeable because

19    Defendant violated 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6)

20    by fraudulently forging Castillo signature. *See Compl.-Exh.5, P. 4-;ll.1-10.* The Superior Court

21    has already established by a *preponderance of the evidence* Defendant is guilty of fraud. *See*

22    *Memo. of Dec.-Exh.3, P. 2; ll.16-19; See Id., P. 7-8;ll.10-2.* And, as will be discussed below,

23    under collateral estoppel principles, Defendant is precluded from denying she committed fraud in

24    this action. The preponderance of the evidence standard applied by this Court to determine if the

25    subject debt is non-dischargeable was considered by the Superior Court and the Superior Court

26    made findings based upon the preponderance of the evidence standard.

27    \\\

28    \\\

-4-

Memorandum of Points and Authorities

1

## 3. DEFENDANT IS PRECLUDED FROM RE-LITIGATING THE ISSUE OF
FRAUD IN THIS COURT.

2

3

4    Under collateral estoppel principles, factual and/or legal issues adjudicated by a state court in

5    prebankruptcy proceedings may be entitled to preclusive effect in a nondischargeability

6    proceeding in bankruptcy court. *Grogan v. Garner* (1991) 498 US 279, 285, 111 S.Ct. 654, 658–

7    659, fn. 11—"We now clarify that collateral estoppel principles do indeed apply in discharge

8    exception proceedings pursuant to § 523(a)"; see also 28 USC § 1738 (federal courts must

9    accord state court judgments full faith and credit). In considering the collateral estoppel effect of

10   a state court judgment, federal courts apply that state's law of collateral estoppel. *In re Bugna*

11   (9th Cir. 1994) 33 F3d 1054, 1057; *In re Moore* (BC ND CA 1995) 186 BR 962, 968.

12    Under California law, collateral estoppel applies where: the issues in both proceedings

13   are identical; there was a final judgment on the merits; and the party against whom collateral

14   estoppel is asserted was a party to the prior adjudication or in privity with such party. *In re*

15   *Bugna*, supra, 33 F3d at 1057. Here, all of these requirements are met. Defendant is precluded

16   from arguing the judgment debt owed by her to Plaintiff is dischargeable because the issues

17   presented in Superior Court and to this Court are identical, there was a final judgment on the

18   merits and Defendant was a party to the Superior Court matter.

19

20    ### a. The issues in the Superior Court Action and this Action are identical.

21    In the Superior Court Matter Plaintiff alleged a cause for fraud against Defendant. *See*

22   *Third Amended Compl.-Exh. 1, ¶¶ 37-44.* The alleged act committed by Defendant upon which

23   Plaintiff based his fraud claim were that Defendant forged a number of documents thereby

24   transferring Plaintiff's property and equity from him and without his consent. *See Third*

25   *Amended Compl.-Exh.1, ¶38 ("Acuna ...forged [Castillo's] signature on documents as part of a*

26   *scheme to fraudulenty transfer the property ..."); Id. ¶ 40( "Acuna forged Castillo's signature*

27   *on deeds twice, passing title once to Gregoria and later to Limit"); See Id. ¶ 42*

28   *("...Acuna...intended to sell the subject property ... and split the seller's proceeds...; See Id. ¶*

1  *43("...Acuna forged...unauthorized documents and escrow instructions to further the fraud and*
2  *divert the proceeds.").*

3       The issues as alleged in the current Complaint are identical. *See e.g Compl.-Exh. 5, ¶ 6*
4  *("A Deed of Trust, forged by Acuna with Castillo's signature, was recorded in July of 2002...");*
5  *Id. ¶ 7 ("...a Grant Deed, again forged by Acuna...); Id. ¶ 10 ( "...in June 2004...Acuna once*
6  *again forged Castillo's signature on a Grant Deed...'); Id. ¶ 11("...at least 25 documents were*
7  *forged by Acuna...") Compl. ¶ 16, 24 ("Acuna deceived Castillo by not disclosing she had*
8  *forged his signature...").* The critical issue in the Superior Court matter and in this present
9  matter, whether Defendant forged Plaintiff's signature, are identical.

10

11       **b.  There was a final judgment on the Merits.**

12       In issuing its Memorandum of Decision, the Superior Court stated the critical issue before
13  it was, "whether Defendant actually forged the documents in question." *See Memo of Dec.-Exh.*
14  *2, P.2;ll.15-16.* In the Superior Court matter the Court found that if the "preponderance of
15  evidence" burden were used, judgment would be for Plaintiff and if the burden of proof should
16  be "preponderance of evidence", once the court found that Defendant actually forged the
17  documents in question, the conclusion is inescapable that she conspired with Defendant
18  Bustamonte to perpetrate the fraud on Plaintff. *See Memo of Dec.-Exh.2, P.7-8;ll.10-2.* No
19  dispute with respect to these finding was ever filed and no appeal was taken. *See Case*
20  *Summary-Exh.4.* After the Superior Court issued its Memorandum of Decision, a judgment was
21  entered against Defendant on December 10, 2008. *See Judgment-Exh.3.*

22

23       **c.  Acuna was a party to the Superior Court matter.**

24       As evidenced by the Memorandum of Decision a contested trial took place between
25  Mario Castillo and Acuna. *See Memo of Dec.-Pp.1;ll.11-14* (The matter was tried ...between
26  May 20 and 27, 2008... with a contested trial between Plaintiff and Defendants Acuna and
27  Global Real Estate Loans.com).

28

1          Acuna is precluded from opposing Plaintiff's non-dischargeability claim because the

2   issues before the Superior Court and the issues before this Court are identical, there was a final

3   judgment on the merits in the Superior Court action, and Acuna was a party in the Superior Court

4   action and actively contested Castillo's claims.

5

6     **4. THE SUBJECT DEBT IS NON-DISCHARGEABLE BECAUSE IT A WILLFUL**

7         **AND MALICIOUS INJURY**

8

9          A willful and malicious injury by the debtor to another entity or to the property of another

10   entity is nondischargeable. See 11 U.S.C. § 523(a)(6). "Fraud is an intentional tort; it is the

11   element of fraudulent intent, or intent to deceive, that distinguishes it from actionable negligent

12   misrepresentation and from nonactionable innocent misrepresentation. It is the element of intent

13   which makes fraud actionable, irrespective of any contractual or fiduciary duty one party might

14   owe to the other." *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68

15   Cal.App.4th 445, 482, internal citations omitted. In order to find fraud the fact finder must

16   necessarily determine there was intentional, tortious conduct. *See In re Diamond*, 285 F.3d 822,

17   828 (C.A.9, 2002) (Finding § 523(a)(6) exemptions apply only to 'intentional torts which

18   generally require that the actor intend the consequences of an act, not simply the act itself).

19         Here, the Superior Court found by a preponderance of the evidence Defendant was guilty of

20   fraud stating, "…the court *finds* that if the *"preponderance of evidence"* burden were used,

21   judgment would be for Plaintiff against all Defendants on this cause of action*." See Memo of*

22   *Dec.-Exh.2, P.7; ll.10-17.* (emphasis added) It goes without saying that injury caused by fraud is

23   willful and malicious. The Superior Court found by a preponderance of the evidence Defendant

24   committed fraud, thereby injuring Plaintiff. *Id.* The injury is the type of injury contemplated

25   under § 523(a)(6) and is therefore, non-dischargeable.

26   \\\

27   \\\

28   \\\

-7-

Memorandum of Points and Authorities

1

## IV.

2

## CONCLUSION

3

4       The Superior Court has established by a preponderance of the evidence Defendant

5   committed an intentional and malicious acts causing Plaintiff injury. Defendant is estopped from

6   disputing these findings. The Superior Court's findings are entitled to full faith and credit in this

7   Court. The type of injury caused by Defendant acts is the type of injury contemplated under

8   §523(a)(6) and is thus non-dischargeable. This Court should determine that the debt owed to

9   Plaintiff, which Defendants seek to discharge, is non-dischargeable as to both Eddie G. Acuna

10   and Rachel O. Acuna.

11

12   Dated: March 28, 2011                    VAN FLEET LAW, APLC

13

14                                       By: _____

15                                           Matthew Van Fleet, Esq.
                                            Attorneys for Plaintiff
16                                          Mario Castillo

17

18

19

20

21

22

23

24

25

26

27

28

-8-

Memorandum of Points and Authorities

1   Matthew Van Fleet, Esq. (Bar No. 227338)
    VAN FLEET LAW, APLC
2   9160 Irvine Center Drive, Suite 200
    Irvine, California 92618
3   T: (949) 769-3610 | F: (877) 769-3611
    matthew@vanfleetesq.com
4
5   Attorney for Plaintiff Mario Castillo

6

7

8               **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10              **LOS ANGELES DIVISION**

11

12  In re:                              Case No. 2:10-BK-25641-vz

13  EDDIE G. ACUNA, JR and RACHEL O.    Adv. No. 2:10-ap-02257-vz
    ACUNA,
14                                      Chapter 7 Proceeding

15              Debtors.                ORDER GRANTING SUMMARY
                                        JUDGMENT
16  MARIO CASTILLO
                Plaintiff,             Date:    May 12, 2011
17                                     Time:    11:00 am
    VS.                                Dept:    Courtroom 1368
18
19  EDDIE G. ACUNA, JR and RACHEL O.
    ACUNA
20
                Defendants.
21

22

23          The motion of Plaintiff Mario Castillo for summary judgment came on regularly for

24  hearing before the Court on May 12, 2011 at 11:00 am.  Matthew Van Fleet appeared as attorney

25  for Plaintiff Mario Castillo and Karen B. Miller appeared as attorney for Defendants Eddie G.

26  Acuna and Rachel O. Acuna.   After considering the moving and opposition papers, arguments of

27  counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT the

28  motion is GRANTED.

VAN FLEET LAW, APLC
9160 Irvine Ctr Drive
Suite 200
Irvine, CA 92618

1                                          ###

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Matthew Van Fleet, Esq. (Bar No. 227338)
   VAN FLEET LAW, APLC
2  9160 Irvine Center Drive, Suite 200
   Irvine, California 92618
3  T: (949) 769-3610 | F: (877) 769-3611
   matthew@vanfleetesq.com
4
5  Attorney for Plaintiff Mario Castillo
6
7
8              UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10             LOS ANGELES DIVISION
11

| 12 | In re: | Case No. 2:10-bk-25641-vz |
| 13 | EDDIE G. ACUNA, JR and RACHEL O. ACUNA, | Adv. No. 2:10-ap-02257-vz |
| 14 | | Chapter 7 Proceeding |
| 15 | Debtors. | [PROPOSED] JUDGMENT |
| 16 | MARIO CASTILLO           Plaintiff, | Date:    May 12, 2011 |
| 17 | | Time:    11:00 am |
| 18 | VS. | Dept:    Courtroom 1368 |
| 19 | EDDIE G. ACUNA, JR and RACHEL O. ACUNA | |
| 20 | | |
| 21 | Defendants. | |

22        This action came of for hearing before the Court, on May 12, 2011 at 11:00 am, Hon.

23  Vincent P. Zurzolo, Bankruptcy Judge presiding on a Motion for Summary Judgment, and the

24  evidence presented having been fully considered, the issues having been duly heard and a

25  decision having been duly rendered,  IT IS ORDERED AND ADJUDGED that judgment in

26  favor of Mario Castillo and against Eddie G. Acuna and Rachel O Acuna in the amount of

27  $273,953.02 as filed on December 10, 2008,  with legal interest accruing thereon from the date

28

VAN FLEET LAW, APLC
9160 Irvine Ctr Drive
Suite 200
Irvine, CA 92618

1 | of entry and in Los Angeles Superior Court matter, KC046034, is NON-DISCHARGEABLE in

2 | any Bankruptcy proceeding, commencing in any of the United States of America.

3 | SO ORDERED AND ADJUDGED.

4 | ###

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9160 Irvine Center Drive, Suite 200, Irvine, California 92618

A true and correct copy of the foregoing document described as ***Plaintiff's Notice of Motion and Motion for Summary Judgment; Request for Judicial notice, Declaration of Matthew Van Fleet, Exhibits 1-5; Memorandum of Points and Authorities; Statement of Uncontroverted Facts; Order Granting Summary Judgment; [Proposed] Judgment*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***March 28, 2011*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below: Howard M Ehrenberg (TR) - ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com, hmehrenberg@ecf.epiqsystems.com;  United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ***March 28, 2011*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Karen B Miller<br>24248 Crenshaw Bl Ste 110A<br>Torrance, CA 90505 | United States Trustee (LA)<br>725 S Figueroa St., 26th Floor<br>Los Angeles, CA 90017<br>ustpregion16.la.ecf@usdoj.gov |
|---|---|
| Edward R. Roybal<br>Federal Building and Courthouse<br>255 E. Temple Street<br>Suite 1360<br>Los Angeles, CA 90012 | |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***N/A,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 28, 2011, | Matthew Van Fleet | |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_                                                        **F 9013-3.1.PROOF.SERVICE**